JAMES SHARKEY, AN INFANT, WHO SUES BY MICHAEL SHARKEY, HIS NEXT FRIEND, ET AL., PLAINTIFFS, v. HERMAN BROTHERS, INC., A CORPORATION, DEFENDANT.

Submitted November 6, 1924—Decided February 2, 1925.

**Negligence—Highway Accident—Collision Between Bicycle and Motor Truck—Infant Rider of Bicycle Not Shown to Have Contributed to Accident—The Twenty-two Points for Reversal Largely Frivolous.**

On defendant's appeal from the Hudson Common Pleas.

Supreme Court—Sharkey v. Herman Brothers,

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs, *Richard Doherty.*

For the defendant, *Frank G. Turner.*

PER CURIAM.

This is a highway accident case. The plaintiff, a boy of twelve, and an older companion named Fisher, took a bicycle belonging to the plaintiff's brother-in-law and went out riding on the Hudson Boulevard with it. Fisher was in the saddle operating the pedals and the infant plaintiff sat on the top bar between the saddle and the handle bars, facing the left. The plaintiff and Fisher on the bicycle went southward on the boulevard for a short distance, and then turned around and started north again, traveling close to the curb. The defendant's truck came up behind them, and, as they reached the corner of Twenty-third street, Bayonne, the truck undertook to turn easterly into Twenty-third street and came into collision with the bicycle about at the corner. These are the circumstances as claimed for the plaintiff. There was evidence to support them, and, as the jury found for the plaintiff, we have to assume that they adopted substantially this view of the facts.

The appellant makes and argues twenty-two points, many of which, we regret to say, seem to us frivolous and unworthy of serious presentation. The first is that there was error in refusing to nonsuit on the ground that no negligence on the defendant's servant was shown. This was clearly a jury question.

Secondly, that there should have been a nonsuit for contributory negligence. The plaintiff was a boy of twelve, and, normally, any negligence of his would be a jury question.

The third and fourth challenge the refusal to direct a verdict on similar grounds, and are disposed of by what has been said.

The fifth is that it was error to admit evidence with respect to the high standing of the infant plaintiff in his school. This is something which is done every day, is generally considered to be correct practice, and relevant to the issue of damages, and is supported by the cases. *Werpupp* v. *North Jersey Street Railway Co.*, 27 *N. J. L. J.* 172; *May* v. *West Jersey Railroad Co.*, 62 *N. J. L.* 67, and other cases.

Sixth, that it was error to allow the injured leg of the plaintiff to be shown to the jury. Another everyday occurrence.

Seventh, refusal to declare a mistrial after this had been done. It was entirely within the court's discretion to permit this.

The eighth and ninth challenge the admission of certain questions over defendant's objection. There was no exception to the ruling in either case.

Tenth, the overruling of a question as to "what they did then." This was answered a moment later, and the error, if any, was therefore harmless.

Eleventh, refusal of the eleventh request to charge. As we read the case, there was no evidence on which to base the request.

Twelfth, refusal to charge that a boy sitting on the frame and not using the pedals did not come under that class of persons who ride in vehicles and have no control, and so are not chargeable with the acts of the driver. This was properly refused. Under the circumstances of the case it was not a court question.

Point thirteen, refusal to charge that if the plaintiff was hitching onto the defendant's truck at the time of the accident, plaintiff cannot recover. This was charged two or three times by the court.

Fourteenth, the court properly refused to charge that it was contributory negligence as a court question to ride sideways on a bicycle. The charge with respect to the duty of an operator of an automobile to avoid accidents, and the court's definition of negligence, were not, under the circumstances, erroneous in any way.

As to the charge on damages, there is no exception properly taken so as to bring the matter before us. As to mental agitation or disorder, the court properly allowed the jury to consider that in connection with physical injury. *Consolidated Traction Co.* v. *Lambertson,* 60 *N. J. L.* 457. Counsel says it was not claimed in the complaint. But the complaint speaks of pain of body and anguish of mind, which seems to cover it very adequately.

The charge about including in the damages expenses incidental to an attempt to cure or lessen the amount of the injury was not erroneous, as such expenses might very well occur after the infant had reached full age. The objection to the expenses of the father because his wife paid the expenses with his money seems rather frivolous.

The twenty-first point is that a bicycle is not a vehicle, but our statute says that it is.

Finally, the charge on imputed negligence was not erroneous, because the question of control on the part of the infant plaintiff of the bicycle and his participation in the operation was left to the jury. All that the court says is that if he had no authority over the operator of the bicycle, and was not negligent himself, and the relation of master and servant or of principal and agent or mutual responsibility in a common enterprise did not exist, then the negligence of the operator cannot be imputed to the plaintiff. This, we think, was correct.

The judgment is affirmed.