ALOJZY KULA, PLAINTIFF, v. JERSEY MUTUAL CASUALTY INSURANCE COMPANY, A CORPORATION, DEFENDANT.

For the plaintiff, *Vincent Schultz.*

For the defendant, *George F. Seymour, Jr.*

PORTER, S. C. C. This case was tried by the court, by consent of the parties, without a jury on an agreed state of facts.

It appears that there was an automobile collision on August 27th, 1927, between an automobile operated by Stanley Kula, a son of the plaintiff, in which his mother, Mary A. Kula, was a passenger, and a taxicab owned by Frank Fernicola.

Mary Kula received bodily injury. A suit was brought in this court by the plaintiff and his wife, Mary A. Kula, against said Fernicola for damages to the wife for bodily injuries and to the husband, the plaintiff here, for loss of consortium of his wife, expenses, &c., and a judgment was rendered in their favor against Fernicola in the sum of $750 for the wife and $500. for the husband.

It further appears that the said Fernicola was insured in accordance with the provisions of the statute (*Pamph. L.* 1926, *ch.* 231), against loss from liability for damages on account of bodily injuries resulting from the operation of the taxicab and that the insurance carrier was the Jersey Mutual Casualty Insurance Company, the defendant herein. The said insurance company satisfied the judgment obtained by the said Mary Kula but refused to satisfy the judgment obtained by Alojzy Kula, the plaintiff herein.

This suit is to recover the amount of the judgment held by the plaintiff against Fernicola from the defendant insurance company under the policy of insurance aforesaid. The only question is as to the liability of the defendant to the plaintiff under the said insurance policy.

The policy was written under the authority of the statute referred to and in pursuance therewith. That statute provides that no auto cabs shall be operated upon any street until the owner shall file with the commissioner of motor vehicles an insurance policy in the sum of $5,000 "against loss from the liability imposed by law upon the auto cab owner for damages on account of bodily injury or death suffered by any person or persons as a result of an accident occurring by reason of the ownership, maintenance or use of such auto cab upon any public street," &c. The controlling words seem to be "damages on account of bodily injury or death suffered by any person or persons as a result of an accident."

The defendant construes this statute to restrict recovery only to those persons actually suffering bodily injury or death by reason of the operation of an auto cab. It seems to me the legislative intent is much broader than that and allows

recovery to anyone who suffers damages "on account of bodily injuries," whether to himself, his wife or to his dependent child. The damage to the husband in the case at bar as assessed by the jury aforesaid is recoverable under the statute and policy of insurance issued thereunder.

The judgment will be for the plaintiff and against the defendant in the sum of $500, with interest and costs.