JOSE L. PATUSCO AND MARIE PATUSCO, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. PRINCE MACARONI, INC., A CORPORATION, AND WILLIAM WALKER, DE-FENDANTS-APPELLANTS.

Argued September 11, 1967—Decided November 20, 1967.

*Mr. George L. Sachs* for appellants.

*Mr. Sherwin Drobner* for respondents (*Messrs. Zemel and Kaufman,* attorneys).

The opinion of the court was delivered by
WEINTRAUB, C. J. This case arose out of a rear-end collision between moving vehicles in a 50-mile zone. Plaintiff husband, whose car was struck in the rear by defendants' truck, said he applied his brakes because traffic ahead slowed to about 30 miles per hour while defendants claimed plaintiff, after trying to enter another lane, returned suddenly to his original path and unnecessarily applied his brakes when another vehicle in that other lane sounded a warning horn. Plaintiff and his wife, a passenger, both claimed personal injuries. The jury found in favor of the wife but against the husband as to both his claim for injuries and his claim *per quod* arising out of the injuries to the wife.

The Appellate Division reversed the judgment as to the husband, finding it was error to leave the issue of contributory negligence to the jury, and ordered a retrial as to damages only. As to the wife, the court ordered the judgment increased by the amount of her medical bill if defendant consented thereto, she otherwise to have a new trial as to damages only. We granted defendants' petition for certification. 48 *N. J.* 136 (1966).

1

We granted certification primarily to consider the right of a married woman to recover the cost of her medical treatment and care. Noting that plaintiff was a "working" wife and that the medical bill was addressed to her, the Appellate Division held the jury should have been told she was entitled to recover for that item if she had "rendered herself liable" for it. Defendants say this was error because the law imposes upon a husband the duty to provide necessary medical care for his wife and hence the claim must be

deemed to be his. In any event, say the defendants, the record does not show affirmatively that the wife agreed to be liable, and therefore it must be found that the husband was the one responsible for the bill by reason of his marital duty of support.

We should stress we are speaking of medical treatment and care of a married woman and not of her husband's claim for loss of consortium. The law recognizes a man's relational interest in his wife and gives him a cause of action against one who negligently invades that interest. Although the husband's consortium claim is thus distinct from the wife's, it will fall if the wife was contributorily negligent. It will also fall if the husband himself was negligent. That the wife's carelessness should bar the husband's claim for loss of consortium is questioned academically, see *Orr v. Orr,* 36 *N. J.* 236, 239 (1961), but as to the husband's own negligence it is correct to say upon current notions of liability that the husband ought not to recover if he himself negligently contributed to that loss.

But, we repeat, we are here concerned, not with the husband's *per quod* claim respecting consortium, but rather with the claim for the wife's medical. Abstractly considered, the subject is not difficult. An injured person is entitled to be made whole. It should not concern the tortfeasor that someone else is obligated to aid his victim because of a duty assumed by contract or imposed by law. This is the premise of the so-called "collateral source" rule, which holds a wrongdoer cannot claim the benefit of the rights his victim may have against others by virtue of contract, employment, or other relation. See 22 *Am. Jur. 2d, Damages,* § 206, *p.* 286 *et seq.;* 2 *Harper and James, Torts,* § 25.22, *p.* 1343 (1956); *Rusk v. Jeffries,* 110 *N. J. L.* 307 (*E. & A.* 1933). So here, a tortfeasor ought not to escape responsibility to the wife merely because her husband owes a marital duty to provide for her needs.

Nor should it matter that the husband contributed to her hurt. It must be kept in mind that under the existing

policy in our State a wife may not sue her husband as a tortfeasor, and this being so, the husband cannot protect her from his negligence through conventional liability insurance. To visit any part of the tort liability upon the husband is to run afoul of this policy.[1] More importantly, to do so would in practical effect leave the loss with the wife. That would be the result if the husband were impecunious, and, realistically, that would equally be the result if the husband could pay the bill since in most situations the wife's total economic experience is hinged firmly to his. Indeed, today, with the high cost of medical and hospital attention, the collectibility of those items frequently depends upon the outcome of the tort case itself, so that, if the husband's contributory negligence stands in the way, the wife's bill may well remain unpaid.

The difficulty is essentially historical. At the common law the husband controlled his wife's claim for injuries in its entirety and was entitled to receive payment. It was therefore thought just that his contributory negligence should bar her claim in all its aspects. *Pennsylvania R. R. Co. v. Goodenough*, 55 *N. J. L.* 577 (*E. & A.* 1893). The married women's acts were adopted to relieve women of the disabilities of coverture. With respect to tort claims, our Married Women's Act provides, *N. J. S. A.* 37:2–9:

"Any married woman may maintain an action in her own name, without joining her husband therein, for all torts committed against her, or her separate property, in the same manner as she lawfully might if a feme sole, and the nonjoinder of the husband shall not be

---

[1] For this reason, a tortfeasor may not seek contribution from the negligent husband. *Kennedy v. Camp*, 14 *N. J.* 390 (1953). Superficially, the absence of a right of contribution might suggest it is just to leave the wife's medical bill with the negligent husband. But obviously the marital immunity does not benefit the wife for it leaves her without a tort remedy against her negligent mate. Nor does it really benefit the negligent husband, because he is unable to protect himself through liability insurance. Hence, although the marital immunity operates to deny contribution to a third party, it does not in practical effect enrich either spouse.

pleaded in any such action. In any such action the husband may join his claim for any damages he may have sustained in connection with or growing out of the injury for which his wife brings her action; but his failure to join shall not prevent him from maintaining a separate action for such damages."

The first sentence expresses a purpose to give a married woman the same protection the law accords a feme sole. The second sentence no doubt was intended to preserve the husband's claim for injury to his relational interest (his claim for loss of consortium), thus avoiding the inference drawn in some States that the married women's act was intended to destroy that claim. See annotations, 21 *A. L. R.* 1517, 1527 (1922); 133 *A. L. R.* 1156, 1162 (1941).

The objective of the statute to give equality to the married woman was stated soon after its enactment. In *Sims v. Sims,* 79 *N. J. L.* 577, 582 (*E. & A.* 1910), a wife was permitted to sue for alienation of affections, the court saying:

"* * * Keeping in mind the old law and the existing mischief, it becomes manifest that the legislative intent which inspired this remedial measure could have been only a desire to confer upon the married woman that equality of remedy as an independent suitor which would enable her to vindicate her right *in personam* for a tort committed against her and thus remedy the inequality to which she was subjected by the common law."

Upon this view of the statute we recently held the wife's consortium interest in her husband is entitled to the same protection from negligent injury which the common law accorded the husband's like interest in the wife. *Ekalo v. Constructive Service Corp. of America,* 46 *N. J.* 82 (1965).

Upon the more immediate question whether the husband's negligence should bar the wife's claim against a third party, *Peskowitz v. Lawrence F. Kramer, Inc.,* 105 *N. J. L.* 415, 418 (*E. & A.* 1929), found our Married Women's Act relieved the wife of his negligence:

"In other words, so far as the enforcement of her right is concerned against third persons to redress wrong committed against her, she stands in the same relation to her husband as to a stranger."

Despite this language, *Peskowitz* did not settle the issue before us, for it appears the husband sued for the sums he expended for the wife's medical care, and presumably he was defeated in that respect at the trial by his contributory fault. Neither, however, appealed, and hence there was no discussion of the question whether the wife or the husband should recover notwithstanding his negligence.

Thereafter in *Kimpel v. Moon,* 113 *N. J. L.* 220, 222 (*Sup. Ct.* 1934), the former Supreme Court expressly held a husband's contributory negligence barred his claim for reimbursement for medical expenses he incurred for his wife, saying:

> "* * * A husband who sues for loss of consortium sues, not in his wife's right, but in his own; likewise as to money disbursements incurred by him. His wife never had the right to those recoveries."

Apart from community-property jurisdictions where other considerations cut across the subject, there are surprisingly few States which have dealt expressly with the question whether a negligent husband may recover for medical expenditures made by him on behalf of his wife. In those States, as in *Kimpel v. Moon,* it was held the negligent husband could not recover. *Kimball v. Bauckman,* 131 *Me.* 14, 158 *A.* 694 (*Sup. Jud. Ct.* 1932); *Miller v. Rankin,* 10 *A. D.* 2d 695, 198 *N. Y. S.* 2d 1 (*1st Dept.* 1960); *Marton v. McCasland,* 16 *A. D.* 2d 781, 228 *N. Y. S.* 2d 756 (*1st Dept.* 1962).

We emphasize that *Kimpel v. Moon* did not say a wife has no claim against a tortfeasor for medical treatment and care. It dealt only with a recovery as to expenditures made by the husband. Elsewhere many courts have held a wife may recover for medical if she made the expenditure or pledged her credit. Annotation, 66 *A. L. R.* 1189, 1194 (1930); *McCormick, Damages,* § 92(2), *p.* 330 (1935); see the survey in *Boland v. Morrill,* 275 *Minn.* 496, 148 *N. W.* 2d 143 (*Sup. Ct.* 1967). At least one court has held

that only the wife may sue for her future care and treatment, for the reason that the husband, or the marriage, or the money might not be on hand when the need should later accrue. *Cassidy v. Constantine,* 269 *Mass.* 56, 168 *N. E.* 169 (*Sup. Jud. Ct.* 1929). Other courts have held, without any limiting language, that the cause of action is the wife's. *Woodard v. City of Des Moines,* 182 *Iowa* 1102, 165 *N. W.* 313 (*Sup. Ct.* 1917); *Ziegler v. United States Gypsum Co.,* 251 *Iowa* 714, 102 *N. W. 2d* 152, 153 (*Sup. Ct.* 1960); *City of Marion v. Flanary,* 324 *S. W. 2d* 803 (*Ky. Ct. App.* 1959); *Helmstetler v. Duke Power Co.,* 224 *N. C.* 821, 32 *S. E. 2d* 611 (*Sup. Ct.* 1945). Although the subject is not discussed in these authorities, we think it implicit that where the wife is thus permitted to sue for her medical, past or future, the husband's contributory negligence would not bar her.[2]

In the case at hand, the Appellate Division followed the approach of the decisions just referred to, that is, that the wife may recover notwithstanding her husband's fault if her funds were used or her credit pledged. This is an improvement over the severe proposition that so long as the law charges the husband with a duty of support, the claim for the wife's medical can be only his. Nonetheless, this intermediate position does not deal satisfactorily with the critical question, for under it the wrongdoer is held or not upon the irrelevant circumstance that the wife did or did not incur the bill. Under that view, only the uninformed would make the mistake of using the husband's credit or resources. We think it anomalous that a tortfeasor's liability should depend upon the arrangement the husband and wife and the doctor and the hospital may choose to make after the negligent event.

---

[2] In California where the community property doctrine resulted in the imputation of negligence of one spouse to another, a statute was adopted permitting the injured spouse to recover for his or her sole benefit. *Self v. Self,* 58 *Cal. 2d* 683, 26 *Cal. Rptr.* 97, 376 *P. 2d* 65, 69 (*Sup. Ct.* 1962).

No one would suggest in our State that a husband's claim for his own medical care should be barred by his wife's contributory negligence or the added circumstance that her resources were used to pay the bills. We see no reason to deny a married woman an equal right. On the contrary, the Married Women's Act proscribes discriminatory treatment of her. For these reasons we are satisfied a married woman should recover for her medical and that in a suit by her it is no concern of the tortfeasor whether the wife herself or someone else made or will make the expenditure.

Hence insofar as *Kimpel v. Moon* may be read to say the claim for the wife's medical is not hers, it is disapproved. Insofar as *Kimpel v. Moon* denied recovery to the negligent husband for the expenditures he made, that result could be debatably correct, although not upon the premise of that opinion that the husband sues in "his own" right for such expenditures. The result could stand on the thesis that he sues in the wife's right as subrogee and is barred by the doctrine that equity may refuse relief to a subrogee who was himself at fault. See *Standard Accident Ins. Co. v. Pellecchia*, 15 N. J. 162, 172 (1954); 50 *Am. Jur., Subrogation*, § 18, *p.* 694. But we think that result would be wrong. To begin with, it would bar only a husband who made the mistake of using his funds instead of permitting his wife to incur the liability. More to the point, it would, realistically, penalize the wife, for, as we have said, her overall experience depends upon her husband's exchequer. We think it better to say the claim for medical, past and future, is the wife's; that the tortfeasor can have no interest in whether the medical demands were or will be met by the wife or by her husband; and that any controversy between the husband and wife in that regard is a matter for adjustment by them alone.[3]

---

[3] We need not decide now whether an unemancipated infant may sue for medical care and treatment. As in the case of a married woman, the issue is of real moment only if it is claimed the parent contributed to the wrongful injury. In *Maccia v. Tynes*, 39 *N. J.*

We appreciate that heretofore the wife's medical has commonly been lumped with the husband's *per quod* consortium claim, no doubt under the surviving influence of the common law. Our holding today will not disturb matters already concluded by judgment or settlement upon the hypothesis that the right was the husband's, for the wife's acquiescence in the assertion of the claim by her husband should be deemed an estoppel whether or not the husband's credit or funds were used. As to litigation now pending, appropriate amendments may be made, if needed, without regard to the statute of limitations.

## II

We said earlier that with respect to the wife's claim the Appellate Division ordered a new trial as to damages only unless defendants agreed to pay also the amount of her medical bill. Defendants assert that medical aid was con-

---

*Super.* 1, 13 (*App. Div.* 1956), it was held the father was barred by his contributory negligence from recovery for the child's medical. *Savoia v. F. W. Woolworth Co.*, 88 *N. J. Super.* 153 (*App. Div.* 1965), and *Restatement, Torts, 2d,* § 494A (1965), hold the father may recover the child's medical notwithstanding the mother's contributory fault. Elsewhere it has been held the child may recover the medical if the child incurred the obligation or paid it. Annotation, 37 *A. L. R.* 11, 58 (1925) ; 32 *A. L. R. 2d* 1060, 1081 (1953). Some cases hold only the infant may sue for future medical, for the reason that moneys received by the parent may not be around when needed. *Clark v. Eighth Avenue R. R. Co.*, 238 *N. Y.* 246, 144 *N. E.* 516 (*Ct. App.* 1924) ; *Cassidy v. Constantine*, 269 *Mass.* 56, 168 *N. E.* 169 (*Sup. Jud. Ct.* 1929) ; annotation, 32 *A. L. R. 2d* 1060, 1062 (1953) ; *McCormick, Damages,* § 91a, *p.* 327 (1935). We note that in *Sharkey v. Herman Bros.*, 3 *N. J. Misc.* 126, 129, 127 *A.* 525 (*Sup. Ct.* 1925), affirmed o. b. 102 *N. J. L.* 224 (*E. & A.* 1925), the infant was held entitled to recover for medical which might be needed after reaching majority, while in *Peer v. Newark*, 71 *N. J. Super.* 12, 33–34 (*App. Div.* 1961), certif. denied, 36 *N. J.* 300 (1962), the parent was held entitled to recover for all future medical. *Peer* did not involve a claim that the parent was contributorily negligent; if it had, the question would have been dramatically presented because of the substantial sum involved and the possibility that, if the parent was barred, the child might not receive the necessary care and treatment.

tinued beyond the point of need, and on this basis ask for a retrial as to the reasonableness of the doctor's charge. We agree with the wife that such a course would be burdensome and unfair. The Appellate Division correctly held that if defendants decline to agree to the increase, the wife should have a retrial as to all her damages. Unless defendants agree to the addition within 20 days from the date of our mandate, there will be a new trial as to damages only.

With respect to the husband's claim, defendants insist there is evidence of contributory negligence. We think this is so. We, however, accept the Appellate Division's criticism of the charge concerning the Motor Vehicle Act. In these circumstances we think the new trial as to the husband should include the issue of contributory negligence as well as damages. We agree with the Appellate Division that the verdict in favor of the wife satisfactorily determined defendants' negligence and therefore that issue should not be retried.

The judgment of the Appellate Division, as herein modified, is affirmed.

*For modification*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, SCHETTINO and HANEMAN—6.

*Opposed*—None.