99 N.J. Super. 173 (1968)
239 A.2d 15
FRANK GRAF, DONALD JOSEPH GRAF, BY HIS GUARDIAN AD LITEM, FRANK GRAF AND ABUNDIA GRAF, PLAINTIFFS-APPELLANTS,
v.
THOMAS FOLARNO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1967.
Decided February 8, 1968.
*175 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. Thomas F. Shebell argued the cause for plaintiffs.
Mr. Robert R. Witt argued the cause for respondent (Messrs. Carton, Nary, Witt & Arvanitis, attorneys; Mr. H. Frank Carpentier, on the brief).
The opinion of the court was delivered by FOLEY, J.A.D.
In this negligence action brought by plaintiffs to recover damages for personal injuries, a jury returned a verdict of no cause of action as to Frank Graf, and verdicts in favor of his wife Abundia, and his son, Donald respectively, in the amounts of $2,000 and $300. Plaintiffs moved for a new trial upon the grounds that (1) the amounts awarded to the successful plaintiffs were inadequate, (2) the verdicts were the result of mistake, passion and prejudice, and (3) the court committed prejudicial trial errors which will hereinafter be referred to. The motion was denied and all plaintiffs appeal.
This is a rear-end collision case. On October 12, 1964 plaintiff Frank Graf was the owner and driver of a vehicle in which his wife and son were occupants. He was proceeding north on Route 34 in the Township of Colts Neck. He testified that as he approached Conover Road, which intersects Route 34, he put on his left directional signal light to indicate his intention to make a left turn into Conover Road, and gradually slowed to a stop to permit oncoming southbound vehicles to pass. He said that he was stopped for about two minutes while about six such vehicles went by, when he was struck by the northbound vehicle of defendant.
*176 Defendant testified that he had been following plaintiff's car on Route 34 at a speed of approximately 45 miles an hour. He said he was about 75 feet behind it for two or three miles before the collision took place. He further testified that immediately before the accident plaintiff made a sudden stop without warning, that a tractor trailer was coming south, and that he had no choice but to collide with plaintiff's vehicle.
The trial court, in denying the motion for new trial, held inter alia that on the facts of the case a pure question of fact was presented for jury determination, and upheld the jury's express finding that both drivers were contributorily negligent. We agree.
Initially, plaintiffs argue that the trial court erred in permitting cross-examination of Frank Graf concerning injuries suffered in prior workmen's compensation cases and in allowing cross-examination of his treating physician with relation to testimony, lay and medical, given at a compensation hearing. We find no error. This evidence was properly admitted if for no other reason than to bring to the attention of the jury plaintiff's prior physical condition so that the jury might make a rational determination of which of his claimed injuries was proximately caused by the accident in question and which, if any, were attributable to prior industrial accidents. Moreover, the cross-examination of Graf went to his credibility which was deeply involved in the liability phase of the case.
Next, it is argued that the court committed reversible error in permitting the cross-examination of an expert medical witness with respect to his writings in the field of the witness's expertise, published in "men's" magazines. Concededly, the scope of cross-examination is a matter for the control of the trial judge and an appellate court will not interfere with such control unless clear error and prejudice is shown. Soronen v. Olde Milford Inn, 84 N.J. Super. 372, 381 (App. Div. 1964). However, in the present case the trial court evidently felt compelled to permit the cross-examination *177 on subjects not relevant to the case under Lawlor v. Kolarsick, 92 N.J. Super. 309 (App. Div. 1966), certification denied 48 N.J. 356 (1966). If so, the judge misconstrued Lawlor. In the latter case we approved the lengthy cross-examination of plaintiff's medical expert concerning his prolific writings, luridly entitled, upon extraneous matters. We did so because the witness attempted to convey the idea that he was qualified to testify by reason of the fact, among others, that he devoted his time primarily to medical work and medical research and that he was essentially a "full-time" practicing doctor. The purpose of the examination was to establish that the doctor's interests were deeply involved in time-consuming activities in other fields, which affected his credibility in his assertions concerning the time and thought spent on problems within the field of medicine. 92 N.J. Super., at p. 312.
As contrasted with Lawlor, in which the examination went to the vitals of the witness's credibility in the respects noted, the examination here did not of itself relate to any legitimate question of the doctor's credibility or qualifications, the only issues to which it might have had relevancy. In our judgment it should not have been permitted. Nevertheless, viewing the entire record we do not think that Mrs. Graf, in whose behalf the witness was called, was prejudiced by the testimony in question.
It is argued, also, that the court erred in its charge to the jury on the subject of contributory negligence. The point made is that the court erroneously instructed the jury that:
"Now, insofar as contributory negligence is concerned in our state, the degree of contributory negligence is immaterial. It makes no difference how great the contributory negligence is or how slight, the degree is unimportant. Contributory negligence in any degree is a bar to recovery under our law."
Plaintiff argues that the foregoing instruction erroneously omitted the necessary element of proximate causation. The *178 instruction was immediately preceded by a lengthy discussion of proximate cause in the course of which the court charged that the jury must make a determination of whether Graf was guilty of "negligence which proximately contributed to the happening of the accident." Again, at a later point the court charged:
"If he is found by you to be contributorily negligent, then, of course, and found so in the manner I have described to you by proving that his negligence was a proximate cause of this accident and the defendant has proved it by a preponderance of the credible testimony, then, of course, he would not be entitled to recover, nor would he be entitled to recover for the expenses incurred by his wife or by his son."
We are satisfied that when the charge is read as a whole, as it must be, the jury could not have failed to understand that in considering the defense of contributory negligence it was required to find that Graf's negligence, if any, would not bar him from a recovery unless it proximately contributed to the accident.
Lastly, we turn to the contentions of Abundia Graf and Donald Graf that the verdicts rendered in their favor were inadequate. In this connection it should be remembered that the special damages incurred by reason of their hospital and medical expenses were exclusively a part of the claim of Frank Graf.
The scope of our review of a trial court's disposition of a motion for new trial is sharply circumscribed. Appellate courts are denied the privilege of disturbing the order of the trial court unless it clearly and unequivocally appears that there was effected thereby a manifest denial of justice under the law. Kulbacki v. Sobchinsky, 38 N.J. 435, 452 (1962). See also Bitting v. Willett, 89 N.J. Super. 196, 200 (App. Div. 1965). The nature and extent of plaintiffs' injuries was distinctly in issue. The testimony on this phase of the case was subject to divergent inferences depending largely upon the jury's assessment of the credibility of the witnesses. Upon a reading of the entire record *179 we are unwilling to say that the amounts awarded were so grossly inadequate as to demonstrate that they were the result of mistake, passion, partiality or prejudice.
We note that after this case was argued the Supreme Court in Patusco v. Prince Macaroni, Inc., 50 N.J. 365 (1967), held that medical and hospital expenses incurred in the care and treatment of an injured wife are in certain circumstances recoverable by her. However, the court expressly stated that the holding would "not disturb matters already concluded by judgment or settlement." Patusco is therefore inapplicable to the case before us.
Affirmed.