107 N.J. Super. 405 (1969)
258 A.2d 719
BERNADINE BOYD AND ALLEN BOYD, HER HUSBAND, PLAINTIFFS-RESPONDENTS,
v.
WALTER WAYNE STEELE, DEFENDANT-APPELLANT, AND GLORIA STEELE, SAMUEL THOMPSON AND W.E. NEILL ASSOCIATES, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1969.
Decided November 20, 1969.
*407 Before Judges SULLIVAN, CARTON and HALPERN.
Mr. Kenneth J. Dawes, Jr. argued the cause for appellant (Messrs. McLaughlin, Dawes & Abbotts, attorneys).
Mr. Mario A. Iavicoli argued the cause for respondents (Messrs. Ballen and Batoff, attorneys).
The opinion of the court was delivered by CARTON, J.A.D.
Defendant Walter Steele appeals from an order requiring the Unsatisfied Claim and Judgment Fund Board to pay $10,000 to plaintiff Bernadine Boyd in partial satisfaction of an uncollected $70,000 judgment in her favor for personal injuries.
Plaintiff, a passenger in an automobile operated by Steele and owned by his wife, defendant Gloria Steele, sustained serious personal injuries when the automobile ran off the highway and struck a house. She brought action to recover for her injuries against the Steeles and also against defendants W.E. Neill Associates, the alleged employer or master of Walter Steele, Samuel Thompson, the operator of another automobile involved in the collision, and Colonial Pipeline Co. Bernadine's husband, Allen Boyd, joined as a party plaintiff in that action seeking to recover damages *408 representing expenses incurred in caring for his wife and for loss of her services and consortium.
Since the vehicle in which the Steeles were riding was uninsured, defense on their behalf was undertaken through the Fund. W.E. Neill Associates was defended by attorneys for their insurance carrier.
During the course of the trial, the trial judge granted judgments of involuntary dismissal with prejudice as to all defendants except Walter Steele. Before the jury determination, but after the dismissal of the action against W.E. Neill Associates, the latter's insurance carrier, through their attorneys, settled Allen Boyd's claim for loss of his wife's services and consortium for $22,000.
The trial continued against Walter Steele, resulting in the verdict in favor of Mrs. Boyd.
The record leaves much to be desired as to the basis of the husband's settlement. It appears that Mr. Boyd, as a consideration for the payment, executed a convenant not to sue W.E. Neill Associates and that he would not appeal. Mrs. Boyd presumably did not execute a similar convenant. Plaintiff has offered no explanation as to why her claim was not also settled by the same defendant. Yet, she did not appeal despite the severity of her injuries and the likelihood her judgment would be largely uncollectible. Rather than remand the matter to take proofs as to the understanding of the parties concerning the settlement in order to clarify whether Mrs. Boyd may have, in fact, benefitted from the settlement, we have concluded that we should decide the case on the basis of the legal issue involved.
The Fund's position is that the statute in terms fixes a maximum limit of $10,000 which may be paid from the Fund when only one person has sustained personal injuries in a single accident and that the settlement of the husband's claim for an amount in excess of that maximum constituted full payment "by way of settlement" of her claim against the Fund under N.J.S.A. 39:6-70(m) and N.J.S.A. 39:6-71.
*409 The trial court rejected this approach and adopted the view that since the law recognizes a man's relational interest in his wife and gives him a cause of action against one who negligently invades that interest, the husband's claim must be treated as separate and apart from that of his wife. On this basis the trial court concluded that the settlement of the husband's case was not a payment within the purview of the statute and should not be deducted from her claim.
Resolution of the question posed requires an interpretation of the pertinent statutory provisions in the light of the policies underlying the Fund Law. Its purpose has been stated as not to make every claimant whole, but to provide some basic measure of relief from the injured person's absorption of the entire economic loss occasioned by the accident. See Dixon v. Gassert, 26 N.J. 1 (1958); Wormack v. Howard, 33 N.J. 139 (1960). Although the statute is to be liberally construed to advance the remedy it affords, due regard must be given to the protection of the Fund against fraud and abuse. Wharton v. Knox, 98 N.J. Super. 61 (App. Div. 1967).
N.J.S.A. 39:6-69, in pertinent part, provides that the judgment creditor may apply to the court
* * * for an order directing payment out of the fund, of the amount unpaid upon such judgment for bodily injury or death, which does not exceed * * *
(a) The maximum amount or limit of $10,000, exclusive of interest and costs, on account of injury to, or death of, 1 person, in any 1 accident * * *.
The intent of the Legislature to limit the exposure of the Unsatisfied Claim and Judgment Fund to $10,000 for the injury of any one person in one accident is thus clearly and precisely delineated. That such is the legislative intent finds further support in N.J.S.A. 39:6-73, which mandates that no order shall be made for payment and the treasurer shall make no payment out of the Fund in excess of $10,000, *410 exclusive of interest and costs on account of injury to, or death of, one person in any one accident.
Consequently, where the wife is the person injured, the maximum exposure of the Fund is $10,000 irrespective of whether derivative claims may arise from her bodily injuries. The husband's claim here is a derivative one and arises from his relationship to his wife. The husband himself was not involved in the accident and was not physically injured. He would have no claim against the uninsured defendant were it not for the personal injuries sustained by his wife, and this is so notwithstanding the fact that the law recognizes that relational interest and gives him a separate cause of action against one who negligently invades it. Patusco v. Prince Macaroni, Inc., 50 N.J. 365 (1967).
In the analogous case of Jones v. Williams, 53 N.J. Super. 16 (App. Div. 1958), an infant and his father each recovered judgments in excess of the statutory maximum, the boy for his personal injuries and the father for his consequential damages for loss of services. We held that the father and son could not be deemed two separate claimants against the Fund for the purpose of permitting each to collect $5,000, but that the Fund's exposure was limited to the then total maximum of $5,000. The court said:
Subparagraph (a) of section 69 plainly makes the determinant of the applicability of the $5,000 maximum limitation the fact of injury (or death) of "one person" "in any one accident" (emphasis supplied). Only where "more than one person" is injured (or dies) "in any one accident" does the $10,000 limitation apply. Subparagraph (b). Only one person was injured in the single accident which is the foundation for the present judgments and claims. Therefore the $5,000 limitation is applicable regardless of whether or not the claims of both plaintiffs are properly deemed compensable out of the fund. [at 19]
The court went on to say:
The same result has been arrived at elsewhere under comparable statutes on the theory that both the direct and the consequential injury claims are founded upon "one injury." [Id.]
*411 The reasoning in Jones is apposite to the present situation. Had the husband's claim for his loss of his wife's services and consortium not been separately settled by W.E. Neill Associates and proceeded to judgment, submission of both claims to the Fund on the theory that each was entitled to receive the statutory maximum would present exactly the same question that was before the court in Jones and would compel the same result. The circumstance that the husband, instead of proceeding to judgment against W.E. Neill Associates, settled his derivative claim and received payment through a third-party defendant does not justify a different result or serve to increase the maximum exposure permitted by the statute.
Although not directly applicable to the present situation, we note that similar language in the limitation clause of an automobile liability insurance policy has been held to place a limit on the total amount recoverable by both the wife who sustained the bodily injuries and the husband for his derivative loss. Williams v. State Farm Mut. Auto. Ins. Co., 99 N.J. Super. 377 (Law Div. 1968), aff'd 104 N.J. Super. 403 (App. Div. 1969), aff'd 54 N.J. 580 (1969). And see annotation, 13 A.L.R.3d 1228 (1967).
We turn now to the contention that the provisions of N.J.S.A. 39:6-70 and 71 support the conclusion that the settlement of the husband's claim was not a payment within the meaning of the statute and therefore should not be deducted from or charged against plaintiff's claim for payment. In considering this aspect of plaintiffs' argument, we proceed on the assumption made by all the parties throughout this action and on this appeal, that recovery against the Fund may be made by both the wife, who sustains the bodily injuries in the accident, and the husband, who sustains the consequential loss resulting from such injuries. Cf. Jones, supra, at 18.
These statutory provisions set forth the requirements which the applicant must establish and which the court must also find have been satisfied before an order may be entered for *412 payment from the Fund. They are in part concerned with substantive requirements and in part with procedural conditions relating to the nature of proof required.
N.J.S.A. 39:6-70 (m) and 71 (b) contain references to amounts "received" by the applicant or plaintiff "by way of settlement." Plaintiffs stress that these phrases inferentially recognize the husband's historic right of a separate recovery for the negligent invasion of his interest. This language may lend support to this contention as well as to the assumption that consequential damages are properly the subject of a claim by the husband against the Fund wholly separate and apart from that of his wife. It does not follow, however, that because the husband's separate right of recovery may have been thus implicitly recognized, that the Legislature intended thereby to increase the maximum recovery permitted by the statute. The fact that the husband here is not technically the plaintiff or the applicant in this proceeding is not controlling. These sections must be interpreted in relation to the other provisions of the statute. They may not be attributed a meaning running counter to the basic policy embodied in N.J.S.A. 39:6-69 and 73, which proscribe a total payment in excess of $10,000 where only one person receives bodily injuries in a single accident.
Nor is recognition of the husband's right to make a claim for his derivative damages apart from the primary claim of his wife in anywise inconsistent with the legislative intent of placing a maximum limit on the aggregate of both claims.
Upon the hypothesis that both husband and wife may properly make a separate claim against the Fund, that legislative intent is accomplished by treating the claims of both as one for purposes of determining the maximum payment permissible. The ultimate objective of providing a basic measure of relief from the claimant's absorption of the entire economic loss occasioned by the accident would be subverted if the husband's recovery, although entirely derivative in nature and arising solely because of the wife's injury, *413 should be treated as unrelated to the latter's claim and not to be considered in conjunction with it.
These provisions of the statute requiring that amounts received in settlement by one must be deducted from the claim of the other may well be a legislative recognition, at least for purposes of receiving payments from the Fund, that "realistically * * * [the wife's] overall experience depends upon her husband's exchequer." See Patusco, supra, at 373.
The facts of this case provide support for such an interpretation. Here both husband and wife acted in concert. They brought a common action against the uninsured defendant and other third parties. They were represented by the same attorneys in the settlement of the husband's action and in this proceeding. Under such circumstances it would be contrary to the spirit as well as the letter of the statute not to require that amounts received by the husband must be deducted from plaintiff's claim in this proceeding. Cf. Patusco, supra, at 374.
We observe that both the primary claim of the injured wife and the husband's derivative claim are ordinarily settled or tried together, and together are made the basis of application for payment from the Fund. But if the separate claims of husband and wife are actually in competition with each other, and in the aggregate exceed the statutory maximum, payment of either, without regard to the claim of the other, may so diminish the amount available for payment to the other (or indeed exhaust the overall amount available) as to operate in an inequitable manner. Since we are not confronted with the latter situation here, we express no opinion as to whether and under what circumstances the court may make a protective order, establish priorities between the rival claims, or apportion between them.
The order for payment is reversed and judgment entered in favor of the Unsatisfied Claim and Judgment Fund Board.