DENNIS BEARS, AN INFANT BY HIS GUARDIAN *AD LITEM*, JANE RUFF, AND JANE RUFF, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. PAUL WALLACE AND FRANCES WALLACE, DEFENDANTS-RESPONDENTS, and UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, RESPONDENT.

Argued October 12, 1971—Decided November 22, 1971.

*Mr. Robert C. Garofalo* argued for appellants (*Messrs. Ryan, Foster & Garofalo,* attorneys).

*Mr. Stanley R. Bright* argued for Unsatisfied Claim and Judgment Fund Board (*Messrs. Caruso & Caruso,* attorneys).

PER CURIAM. The Appellate Division upheld the trial court's determination that neither Gugliotta nor Bears was entitled to recovery from the Unsatisfied Claim and Judgment Fund Board. *Bears v. Wallace,* 112 *N. J. Super.* 210 (*App. Div.* 1970). We denied certification to Gugliotta but granted certification to Bears (and to his guardian *ad litem* Ruff individually). *Gugliotta v. Wallace,* 58 *N. J.* 19 (1971).

On February 25, 1964 Bears was a passenger in a car owned by Paul Wallace. He was seated on the rear seat whereas Vincent Gugliotta and Frances Wallace (the wife of Paul) were seated on the front seat of the car when it struck a steel light pole on Central Avenue in Orange. He was severely injured and the other two were also injured. Bears, acting through his mother and guardian *ad litem* Jane Ruff, and Jane Ruff individually, instituted an action against the Wallaces alleging that Frances Wallace negligently drove the car into the pole causing his injuries and consequential loss to Ruff. Gugliotta also sued the Wallaces and his action was consolidated with the other action for trial. After due deliberation, a jury returned a verdict against Frances Wallace in favor of Gugliotta in the sum of $4,000, and a verdict of $10,000 in favor of Bears along with a verdict of $4,671.30 in favor of Ruff. Motions were then made for payment from the *Fund;* it was conceded that Bears and Ruff could not, in any event, receive more than the aggregate sum of $10,000 from the Fund. *N. J. S. A.* 39:6–69; *Jones v. Williams,* 53 *N. J. Super.* 16 (*App. Div.* 1958); *Boyd v. Steele,* 107 *N. J. Super.* 405 (*App. Div.* 1969).

The motions were heard by the judge who had conducted the trial and he denied them on the basis of the evidence

at the trial which had convinced him that Gugliotta rather than Wallace was the driver of the car at the time of the accident. The trial judge concluded that recovery from the Fund was barred by *N. J. S. A.* 39:6–76 which provides that no claim against the Fund shall be allowed in any case in which the court shall find, after hearing, that the judgment upon which the claim was founded "was obtained by fraud, or by collusion of the plaintiff and of any defendant in the action, relating to any matter affecting the cause of action upon which such judgment is founded * * *."

Bears testified that after returning home from a movie he went upstairs to the Wallace apartment. It was then about 12:30 A.M. on February 25. Later, Mrs. Wallace asked him to join while she drove one of her guests (Janet Cosgrove) home. He did so, sitting in the back while Mrs. Wallace, Gugliotta and Janet were in the front. They dropped Janet off, returned home and when Mrs. Wallace said "she wanted to take a ride" they returned to the car. It was then about 2:30 A.M. and thereafter they rode around for quite a while. Bears testified that he slept off and on and that after he heard Mrs. Wallace say they were going home he "dozed off again" and woke up by Robert Hall's on Central Avenue. He testified that at that time Mrs. Wallace was driving the car. He fell asleep again and was asleep when the accident happened. He testified that the next thing he remembered was asking Mrs. Wallace to help him since he could not see or feel anything. In reply she told him that everything was "going to be all right" and that if anyone asked him he should say that Gugliotta "was driving." Apparently Mrs. Wallace had neither a driver's license nor a viable learner's permit and had recently failed a driver's test.

Officer Powers, an Orange Patrolman, arrived at the scene shortly after the accident. Mrs. Wallace was then outside the car and Gugliotta was in the driver's seat. The patrolman testified that "a young boy" (Dennis Bears) was "the passenger in the back seat" and that so far as he

could recall "was unconscious" for he could "get nothing out of him at all." An ambulance took Bears to the Orange Memorial Hospital. Later at the hospital the patrolman talked to Bears who told him that "he was asleep in the back of the car" at the time the accident happened. When asked to repeat exactly what Bears had said the patrolman testified as follows:

> He said that — His exact words were that he was accompanying Mrs. Wallace home to take Mr. Gugliotta home, and that he was woke up in one period of time and he was on the parkway leading south. We asked him where they were going and he says that they were taking him home. They got off the parkway and went back in a northerly direction which would be towards East Orange. They stopped at a gasoline station at Munn Avenue and — I think it's Munn Avenue — and Central Avenue and gassed up and then they headed in a westerly direction towards West Orange away from Newark and that — being a young boy at the time; he was just 16 years old, he went back to sleep and the next thing, he woke up in the hospital.

In response to an inquiry by the patrolman, Bears said that Gugliotta was the driver of the car. Both Gugliotta and Mrs. Wallace also told the patrolman that Gugliotta was the driver of the car. At the trial, Gugliotta and Mrs. Wallace testified that Mrs. Wallace rather than Gugliotta was the driver at the time of the accident; as already stated, Bears testified that he was then asleep but that earlier Mrs. Wallace had been driving the car. In reaching their verdicts the jury necessarily credited the testimony that Mrs. Wallace was the driver of the car at the time of the accident. The trial judge was persuaded to the contrary, largely by the nature of Gugliotta's injuries in contrast to the lesser injuries suffered by Mrs. Wallace; he may have disbelieved that a man with the injuries suffered by Gugliotta could, immediately after the accident, have moved himself into the driver's seat as Mrs. Wallace testified he did at her request. *Bears v. Wallace, supra,* 112 *N. J. Super.* at 213–214.

We have no doubt as to the legal authority of the trial judge, in the subsequent proceeding against the Fund, to make findings of fact contrary to those found by the jury. The Fund was not a party or participant at the trial and was not bound by the verdicts. *Bears v. Wallace, supra,* 112 *N. J. Super.* at 212–213. It could charge, as it did, that there was fraud within the contemplation of *N. J. S. A.* 39:6–76 which would bar recovery from the Fund, and the trial judge, after due hearing, could make such finding of fraud (subject to review on appeal) on the basis of the trial record and such additional evidence as the parties chose to present. Here the parties apparently did not offer any additional evidence and the trial judge acted solely on the basis of his notes as to the trial record. So far as his finding of fraud with respect to Gugliotta is concerned, it is not before us and we shall not deal with it; obviously, if Gugliotta was the driver he could not sustain any claim against the Fund and if, through false testimony, he obtained a judgment against Mrs. Wallace as the driver, his judgment would be one founded on fraud within the contemplation of *N. J. S. A.* 36:6–76 and subject to the bar prescribed therein. But the situation with respect to Bears was wholly different. He was entitled to a judgment against the driver whether it was Gugliotta or Wallace; and since both Gugliotta and Wallace were uninsured and financially irresponsible, Bears would, as a practical matter, be entitled to ultimate recovery against the Fund regardless of which one was the driver. Under the circumstances Bears could hardly be found to have had any purpose or design to defraud the Fund, nor could his conduct fairly be said to have actually defrauded the Fund or to have caused it any actual financial loss.

There is nothing to suggest that Bears was not actually asleep when the accident occurred and, strictly, he could not have known who was the driver at that time. He undoubtedly knew who was driving earlier and he says that that was Mrs. Wallace. His attorney's investigation ap-

parently satisfied him that Mrs. Wallace was the driver at the time of the accident for he instituted the action on behalf of Bears against the Wallaces alone without any alternative claim against Gugliotta. Even assuming, as the trial judge found, that Gugliotta was the driver, we cannot say that the record showed that Bears' testimony was fraudulent. Fraud is not presumed and must generally be established by clear and convincing evidence. *Williams v. Witt,* 98 *N. J. Super.* 1, 4 *(App. Div.* 1967); *Minter v. Bendix Aviation Corp.,* 26 *N. J. Super.* 268, 274 *(App. Div.* 1953), *rev'd on other grounds,* 24 *N. J.* 128 (1957).

We have already noted that, unlike Gugliotta, Bears had nothing to gain by saying that Mrs. Wallace rather than Gugliotta was the driver; and unlike Gugliotta's situation, any misstatements by Bears as to the identity of the driver could not have financially prejudiced the Fund insofar as Bears' claim was concerned. Though any misassertions on Bears' part are not to be condoned, they are not legally material here unless they amount to fraud within the contemplation of *N. J. S. A.* 39:6–76. That statute was not intended to operate as a forfeiture or penalty for misconduct but was intended to protect the Fund against financial loss. We are satisfied that it may not be invoked to bar Bears' recovery against the Fund for his claim was patently of the type the Fund was "created to pay" *(Feuchtbaum v. Constantini,* 59 *N. J.* 167, 179 (1971)).

The judgment of the Appellate Division insofar as it sustained the trial court's determination barring recovery by Bears (and Ruff) in the aggregate sum of $10,000 against the Fund is hereby:

Reversed.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For affirmance*—None.