224 N.J. Super. 336 (1988)
540 A.2d 865
JOSEPHINE MARSELLA AND NICHOLAS MARSELLA, PLAINTIFFS-APPELLANTS,
v.
MONMOUTH MEDICAL CENTER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 1988.
Decided April 8, 1988.
*338 Before Judges R.S. COHEN and LANDAU.
Louis F. Locascio argued the cause for appellants (Drazin & Warshaw, attorneys; Linda Stark Conroy, on the brief).
Sherry Lynn Spencer argued the cause for respondent (Giordano, Halleran & Ciesla, attorneys; James M. Ronan, Jr., of counsel).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
Plaintiff Josephine Marsella fell on a walkway at defendant Monmouth Medical Center (MMC) after visiting her husband, a patient there. She sued for her damages; her husband also sued per quod. MMC's answer pleaded the statutory hospital immunity to a beneficiary's judgment over $10,000. N.J.S.A. 2A:53A-8. Plaintiffs then filed an amended complaint, naming formerly John Doe defendants. The amended answer omitted to plead the statutory immunity.
The case was tried to a jury. The court dismissed the claims against the individual defendants. The jury apportioned causative negligence 70% to MMC and 30% to Mrs. Marsella. It returned damage verdicts of $2,000 for medical expenses, $40,000 for plaintiff's injury, and $1,000 for plaintiff husband's per quod claim. Plaintiffs submitted a form of order for judgment against MMC for those amounts, reduced by the percentage of plaintiff's negligence, plus prejudgment interest. MMC objected *339 on the grounds of statutory immunity. The court agreed with MMC and entered judgment for both plaintiffs for $10,000 plus prejudgment interest. Plaintiffs then appealed. We modify the judgment and affirm it as modified.
Plaintiffs makes three arguments before us:
POINT I: CHARITABLE IMMUNITY AS [sic] AN AFFIRMATIVE DEFENSE WHICH MUST BE PLEADED AND PROVEN.
POINT II: PLAINTIFFS ARE ENTITLED TO THE INTEREST AND COSTS OF SUIT WITHOUT REGARD TO THE SO CALLED $10,000.00 LIMITATION ENUMERATED IN N.J.S.A. 2A:53A-8.
POINT III: THE COURT ERRED IN DISMISSING THE COMPLAINTS AGAINST PHIL FAMINLARY, DEPUTY CHIEF BARKSDALE, GEORGE HUSSEY, AND MR. ELLENTUCK AS A MATTER OF LAW.
We find all of the arguments to be clearly without merit. R. 2:11-3(e)(1)(E). We add only the following:
MMC's answer pleaded the statutory immunity. The amended answer, filed for the individual defendants, did not. It is plainly inferable from the trial colloquy between court and counsel that plaintiffs' attorney not only knew MMC asserted the statutory liability limit, but also had no factual dispute as to its applicability.
Plaintiffs' post-judgment position was that MMC waived its statutory rights by non-assertion in the amended answer and by failure to offer evidence at trial. We disagree. The immunity was initially asserted, and never abandoned. At the trial, plaintiffs asserted Rova Farms[1] rights expressly based on the assumption that MMC had immunity. Plaintiffs' position at trial invited MMC to believe the matter of immunity was undisputed. Only when plaintiffs submitted a form of judgment for the full verdict amounts did the matter come to a head. MMC's counsel objected, supplied a copy of the certificate of incorporation of MMC's predecessor, Long Branch Hospital, and represented to the court that plaintiffs' law firm had at least ten pending suits against MMC in which the statutory *340 immunity was admitted. Plaintiffs' argument against immunity was procedural. They did not tell the trial court or us that there was a good faith dispute on the matter or that they had contrary evidence to be considered. In these circumstances, the court did not err in treating the submitted certificate of incorporation as sufficient proof.
Plaintiffs' second point is that even though the judgment may be limited to $10,000 they are entitled to prejudgment interest on the entire verdict. Not so. In Katz v. Rahway Hosp., 214 N.J. Super. 379 (App.Div. 1986), we ruled that the $10,000 limit of liability applied to damages and did not bar recovery of additional amounts for prejudgment interest and costs. We did not say that interest should be calculated on the verdict before it is reduced in compliance with the statute. That method could create hospital liabilities far beyond the Legislature's contemplation. We also note R. 4:42-11, which provides for calculation of interest on "judgments, awards and orders for the payment of money, ..." Interest is therefore payable only on the amount expressed in the judgment, after statutory reduction.
Plaintiffs' final point is that the court erred in dismissing the complaint against the individual defendants. We disagree. Plaintiffs proved that the individual defendants were employed by MMC. There was nothing in their job titles or the little that was proved about their departments which would have permitted the jury to find that any named individual was responsible for correcting the offending concrete walkway, and was negligent in not doing so.
In oral argument, plaintiffs raised an additional argument respecting the application of the hospital immunity statute, namely, that the $10,000 cap does not apply to plaintiff husband's separate per quod claim. We will deal with the argument despite the informality of its assertion.
The immunity statute provides that a hospital

*341 shall be liable to respond in damages to such beneficiary who shall suffer damage from the negligence of such [hospital] to an amount not exceeding $10,000 ... as the result of any 1 accident....
The statute is to be liberally construed in favor of immunity. N.J.S.A. 2A:53A-10.
There are three possibilities. One is that, since a spouse's per quod claim is derivative of the main claim, it is subject to restrictions and conditions applicable to the main claim. The second is that the per quod claim is independent but subject to its own $10,000 limit. That limit is possible, however, only if the per quod claimant is considered a beneficiary, because the statute limits only beneficiaries. The husband here happened to be a beneficiary, but that is only by chance, and he did not make his per quod claim in his role as a beneficiary. The third possibility is that the per quod claim is independent and not subject to any statutory limit on amount. That is not a fair reading. The Legislature did not intend to limit a seriously injured person to $10,000 but permit a per quod claimant unrestricted access to the hospital's assets. See Jacobson v. Atlantic City Hospital, 392 F.2d 149 (3 Cir.1978), which holds that a wrongful death action against a New Jersey hospital is limited to an overall $10,000 recovery regardless of the number of dependent survivors.
In our view, there is only one reading of the statute consistent with its purpose and the Legislature's expressed solicitude for the fiscal protection of nonprofit hospitals. We hold that a per quod claim to which the N.J.S.A. 2A:53A-8 immunity applies is subject to the main claim's overall limitation of $10,000, plus interest and costs, and must be included proportionally within it.
Our ruling is consistent with cases which treat per quod claims as incidental to, dependent on, and derivative of the claim of the injured person. See Danek v. Hommer, 9 N.J. 56 (1952) (spouse's per quod claim also barred where worker's claim barred by Workers' Compensation Law); Patusco v. Prince Macaroni, Inc., 50 N.J. 365 (1967) (per quod claim of *342 husband defeated by wife's contributory negligence); Tichenor v. Santillo, 218 N.J. Super. 165 (App.Div. 1987) (per quod award reduced by percentage of negligence attributable to injured spouse). See also Portee v. Jaffee, 84 N.J. 88, 101-102 (1980) (recovery for emotional harm resulting from perceiving the death or serious injury of another reduced by the proportion of the injured person's negligence). Our ruling also finds support in Young v. Malcolm, 568 F. Supp. 839 (D.N.J. 1983), where the United States District Court read N.J.S.A. 2A:53A-8 as we have. See also Garcia v. Gallo, 665 F. Supp. 360 (D.N.J. 1987).
The judgment entered by the Law Division awarded $10,000 to both plaintiffs together. Although it may make no practical difference to these plaintiffs, the judgment should have been made separately in favor of each spouse, dividing $10,000 in the ratio of the amounts of the verdicts in favor of each. The total verdicts were $43,000, of which the per quod claim was awarded $1,000. Thus, plaintiff wife is entitled to 42/43 of $10,000 or $9,767.44 and plaintiff husband is entitled to 1/43 or $232.56. Interest and costs, of course, are to be added.
NOTES
[1] Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474 (1974).