CONRAD GOODIER, Plaintiff, *v.* NATIONAL SURETY COMPANY, Defendant.

Supreme Court, Kings Special Term, May 16, 1925.

**Motor vehicles — injuries to persons — action on judgment predicated on bond given by defendant surety company pursuant to Highway Law, § 282-b (as added by Laws of 1922, chap. 612) — defendant paid $2,500 on account of $20,000 judgment in favor of plaintiff's son for personal injuries — plaintiff's action for medical treatment and loss of services of son is not action for " injury to persons " within meaning of Highway Law, § 282-b — Highway Law, § 282-b, limited to injuries directly suffered by person or done to property of one complaining.**

Section 282-b of the Highway Law (as added by Laws of 1922, chap. 612) requiring that any person operating a motor vehicle for hire must be bonded in the sum of $2,500, conditioned for the payment of any judgment recovered " for

death or injury to persons or property caused in the operation, or the defective construction of such motor vehicle," relates to injuries directly suffered by the person or by the one complaining, or directly done to the property of the one complaining, and does not include an action for damages predicated upon a personal injury, which vests in a husband or parent as a consequence of direct injuries to the person of his wife or child.

Accordingly, plaintiff's action on a judgment, predicated on a bond for $2,500 given by the defendant, pursuant to section 282-b of the Highway Law, conditioned for the payment of any judgment recovered for an injury to persons or property caused in the operation of the motor vehicle operated for hire, should be dismissed, since it appears that the plaintiff and his son each recovered judgments for $5,000 and $20,000, respectively, against the owner of the bonded automobile for damages arising from an accident in which plaintiff's son suffered injuries; that the plaintiff herein claimed damages in the former action based on the cost of medical treatment furnished said son and the loss of the son's services; and that the defendant, pursuant to the terms of the bond, paid $2,500 on account of the judgment obtained by plaintiff's son against defendant's assured.

While plaintiff's action is one for personal injuries, it is not an "injury to persons" within the meaning of section 282-b of the Highway Law, and defendant is not liable for an additional $2,500 on the identical bond to apply on account of plaintiff's judgment against defendant's assured.

MOTION by the plaintiff to strike out the answer and for summary judgment under rule 113 of the Rules of Civil Practice.

*Jacob S. Eisenger* and *David L. Cohn*, for the plaintiff.

*Norwood & Walsh* [*Thomas F. Walsh* of counsel], for the defendant.

CARSWELL, J.:

A single question of law determines the issue herein. There is no case that has decided that question. The plaintiff and his son respectively each recovered judgments for $5,000 and $20,000 against one Duelka for damages resulting from an accident on December 12, 1923, when Duelka, while operating an automobile, ran down and injured plaintiff's son. Plaintiff's judgment was for expenses incurred in treatment of the son and for loss of services.

When the accident happened section 282-b of the Highway Law (as added by Laws of 1922, chap. 612) required that any person operating a motor vehicle, such as Duelka was operating, for hire, must have a bond duly approved in the sum of $2,500 conditioned for the payment of any judgment recovered "for death or for injury to persons or property caused in the operation or the defective construction of such motor vehicle." It further provided that such bond should "contain a provision for continuing liability thereunder notwithstanding any recovery thereon."

Duelka had such a bond issued by the defendant herein. The defendant, pursuant to the bond's terms, paid $2,500 on account of the judgment against Duelka obtained by plaintiff's son.

This plaintiff seeks in this action to recover $2,500 on the self-same bond to apply on his judgment against Duelka growing out of the same accident.

Defendant has set up in its answer that its liability under the bond was discharged by the $2,500 payment to plaintiff's son. It asserts that the bond may not be invoked by this plaintiff, because liability thereunder is limited apart from a death, to " injury to persons or property caused in the operation  *  *  *  of such motor vehicle," and that this phrase contemplates only direct injury to one's person or direct injury to one's property as a result of contact at the time of the accident complained of and does not include consequential damages to another.

The plaintiff's claim is that the phrase " injury to persons or property caused in the operation " includes the damages sustained by this plaintiff herein as a result of the injuries his son received by direct contact with Duelka's automobile.

(1) Did the cause of action that plaintiff recovered on against Duelka come within the phrase " for injury to  *  *  *  property caused in the operation  *  *  *  of such motor vehicle ? " The phrase " injury to property " has a statutory definition. (Gen. Constr. Law, § 25-a, as added by Laws of 1920, chap. 917.) It is " an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract." Was plaintiff's original cause of action an " injury to property " within this definition? That which he complained of has lessened his estate and comes within this section unless the phrase " other than a personal injury " excludes his cause of action from that statute.

This necessitates determining what has been held in this State to be the nature of his cause of action. There is no difference between an action by a husband for loss of services of a wife and an action by a father for loss of services of a son.

In *Maxson* v. *D., L. & W. R. R. Co.* (112 N. Y. 559) it was decided under the Code of Civil Procedure (§ 383, subd. 5; Id. § 3343, subds. 9, 10; now Civ. Prac. Act, § 49, subd. 6; Gen. Constr. Law, §§ 25-a, 37-a, as added by Laws of 1920, chap. 917) that an action by a husband for loss of services of a wife because of personal injuries to her, caused by a defendant's negligence, was one for personal injuries. This result was arrived at in interpreting the statutory definition of " personal injury " (Code Civ. Proc. § 3343, subd. 9, now Gen. Constr. Law, § 37-a, as added by Laws of 1920, chap. 917) which is, after certain enumerations, an " actionable injury to the person either of the plaintiff, or of another." This provision had its origin in a previous statutory definition of a personal injury as an " actionable injury to the person of the plaintiff, or his or her

wife, husband, child or servant." (Laws of 1876, chap. 449, § 2, subd. 8.) The holding was that the phrase " personal injury " resulting from negligence was not to be limited in its application to injury to the body of a plaintiff. It was further held that the consequences to a husband in such an action with respect to lessening of his estate could not be given the effect of changing the cause of action from one for personal injury to one for " injury to property," although some of the elements of his damages for the personal injury complained of lessened his estate. That case has been cited with approval. (*Riddle* v. *MacFadden,* 201 N. Y. 215.) (See, also, *Gorlitzer* v. *Wolffberg,* 208 N. Y. 475, 478.)

It thus appears that the plaintiff's cause of action is one for personal injury within the statutes controlling in this State and being such it is not an " injury to property " within the statutory definition.

(2) Did plaintiff's original cause of action, being one for personal injuries, come within the phrase in section 282-b of the Highway Law, " for injury to persons? " The terms " personal injury " or " personal injuries," as used in the Civil Practice Act, are broader than the phrase " injury to the person." The lesser term " injury to the person " does not include the greater term " personal injury." The Legislature must be deemed to have used terminology with the statutory meaning in mind and with the judicial interpretations given to those statutory definitions. Therefore, since the Legislature has used the narrower term " injury to persons," instead of the broader term " personal injuries," it must be deemed to have done so with deliberate purpose.

The construction that plaintiff contends for is that which would obtain if the Legislature had used this language " for personal injuries or injury to property caused in the operation, maintenance, use or the defective construction of such vehicle." The Legislature did not use this language, with its broader terms and legislatively and judicially declared meanings. It must be deemed, therefore, that the Legislature used the narrower terms with the intention not to include that which would be connoted by the broader terms which the Legislature did not use in the statute.

There is another line of inquiry which gives confirmation to this conclusion. The statute (Highway Law, § 282-b, as added by Laws of 1922, chap. 612) requiring the surety bond relates to a judgment " for injuries to persons." There is no statutory definition nor is there any decision that " injury to person " includes both an injury to the " person of the plaintiff " and " of another." Section 37-a of the General Construction Law (added by Laws of 1920, chap. 917) makes a distinction between an injury to the per-

son " of the plaintiff " and an injury to the person " of another." No such distinction is made in section 282-b of the Highway Law in connection with the phrase therein " injury to persons." That phrase must be given its ordinary meaning in the light of that fact which confines it to injuries to the person of a plaintiff. If the legislative intention was not to give it this meaning, the language of section 37-a of the General Construction Law, or its equivalent, would have been used, or the phrase " injury to persons " would have been used with added or enlarging language so as to clearly indicate a right to recover for an " injury to person " including the person *of another*. When the Legislature intended this broader meaning in a statute it clearly stated not only " injury to the person " but also " either of the plaintiff, or of another." (Gen. Constr. Law, § 37-a, as added by Laws of 1920, chap. 917.) It not having done so in section 282-b of the Highway Law, it must be deemed that *another* was not concerned in the language of that section and that said section relates only to injuries to the persons of plaintiffs.

This necessitates a holding that the language in section 282-b of the Highway Law relates to injuries directly received to the person of the one complaining or directly received to the property of the one complaining and does not include injuries which form the basis of plaintiff's claim herein. In other words, within the meaning of that statute an action for damages based upon a personal injury which vests in a husband or parent as a consequence of direct injuries to the person of a wife or child is not an " injury to persons " or an injury to the person within the meaning of that statute.

Some legislative confirmation of this interpretation is to be found in the amendment of the statute after the policy involved in this case issued. This language has no controlling effect in this case, but may be considered on the phrase indicated. The amendment provides (Laws of 1924, chap. 413) " that such bond or policy may limit the liability of the surety or insurer on any one judgment to twenty-five hundred dollars for *bodily injuries* or death, and five hundred dollars for *damage to or destruction of property*, and on all judgments recovered upon claims arising out of the same transaction or transactions connected with the same subject of action to five thousand dollars *for bodily injuries* or death and one thousand dollars for damages to or *destruction of property*, to be apportioned ratably among the judgment creditors according to the amount of their respective judgments." In this amendment, the phrase " bodily injuries " indicates that only the person actually injured in the accident is covered by the act permitting limiting of liability and the phrase " destruction of property " indicates that the only property with which the Legis-

lature was then concerned is that property which is subjected to physical contact at the time of the accident or collision.

It follows, therefore, that the defense must be held to be sufficient in law and the motion to strike out the answer and for summary judgment for the plaintiff, under rule 113 of the Rules of Civil Practice must be denied.

Upon the argument it was indicated that the motion might also be considered a motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice. Under that rule, therefore, judgment will be directed in favor of the defendant.

