Marvin G. RALL, Plaintiff and Respondent,

v.

Verdell SCHMIDT, Defendant and Appellant.

No. 7896.

Supreme Court of North Dakota.

July 13, 1960.

Stanley Voas, Aberdeen, for plaintiff and respondent.

Leslie R. Burgum, Atty. Gen., and Dale H. Jensen, Asst. Atty. Gen., for defendant and appellant.

TEIGEN, Judge.

Judgment was entered in favor of the plaintiff and against the defendant as a result of an automobile accident for $1,155.72 special damages, $795 property damages and $1,000 general damages, plus costs equalling $24.50. Pursuant to due proceedings had, the court entered an order that the State Treasurer of the State of North Dakota pay to the plaintiff the sum of $2,180.22 in full satisfaction of that portion of the judgment for general damages and special damages, together with costs, pursuant to Chapter 39–17 of the 1957 Supplement to the North Dakota Revised Code of 1943 and amendments thereto known as the Unsatisfied Judgment Fund. The Attorney General of the State of North Dakota, pursuant to the powers provided by Section 39–1706 of the 1957 Supplement to the North Dakota Revised Code of 1943, has appealed from said order upon a question of law, the facts having been stipulated between the plaintiff and defendant (appellant) for the purposes of this appeal. The stipulation is as follows, to wit:

"Three actions were instituted by the plaintiffs Marvin G. Rall, Lorry Beth Rall, a minor by Marvin G. Rall her father and guardian ad litem, and Arlene Rall against the defendant, Verdell Schmidt. The actions arose out of the collision of two automobiles on October 19, 1957 on U. S. Highway No. 281 in the County of Dickey, State of North Dakota. Marvin G. Rall was the driver of one automobile and Lorry Beth Rall and Arlene Rall were the passengers in the car driven by Marvin

G. Rall. Verdell Schmidt was the driver of the second automobile. Summons and complaint were served upon the defendant, Verdell Schmidt, and Verdell Schmidt failed to answer the summons and complaint; whereupon notice of default was served upon the Attorney General and the State Highway Commissioner on the 19th day of January, 1959 together with a copy of the summons and complaint in the three actions. Answers in each of the three were served and filed on behalf of the defendant by the Attorney General's Office.

"The three actions were tried to the Court without a jury by stipulation of counsel at LaMoure, North Dakota in the County Courthouse on the 22nd day of May, 1959. Evidence was submitted in support of the plaintiffs cases. After hearing the evidence, the Court ordered judgment in each of the three cases for the plaintiffs. In the case of Lorry Beth Rall vs. Verdell Schmidt judgment was ordered in the amount of $15,000.00. In the case of Arlene Rall vs. Verdell Schmidt judgment was ordered in the amount of $500.00. And in the case of Marvin G. Rall vs. Verdell Schmidt judgment was ordered in the amount of $2,975.-22.

"The judgment in the Marvin G. Rall vs. Verdell Schmidt case states in part: 'That the plaintiff have judgment against the defendant in the amount of One Thousand One Hundred Fifty-five and 72/100 Dollars ($1,-155.72).' The amount for doctor and hospital bills incurred by the plaintiff is composed of three separate items which are: 1. An amount of $987.29 paid by Marvin G. Rall for the care and treatment of his daughter, Lorry Beth Rall. 2. An amount of $92.52 paid for hospital and doctor bills paid by Marvin G. Rall for the care and treatment of his wife, Arlene Rall. 3. An amount of $75.91 for hospital and doctor bills paid by Marvin G. Rall for the care and treatment of himself.

"Judgment in each of these three cases was entered on July 8, 1959. On the 22nd day of August an application was made to the District Court for an order directing payment of these judgments for personal injuries in each of the three cases from the Unsatisfied Judgment Fund. The Court ordered that Marvin G. Rall be paid an amount of $2,180.22 for personal injuries and medical and hospital expenses incurred in the above entitled action. This amount of $2,180.22 included the amount of $987.29 for medical and hospital expenses paid by Marvin G. Rall for the care and treatment of Lorry Beth Rall, his daughter. The Court also ordered that Arlene Rall be paid an amount of $524.50 and that Lorry Beth Rall, a minor, by Marvin G. Rall, her father and guardian ad litem, be paid an amount of $5,024.50.

"Arlene Rall has received North Dakota check warrant number 44523 dated December 22, 1959, in the amount of $524.50, and check warrant number 44525 dated December 22, 1959, in the amount of $5,024.50 has been received by Lorry Beth Rall, in care of Marvin G. Rall, her guardian ad litem. These amounts were paid by the Unsatisfied Judgment Fund for personal injuries received in an automobile accident."

The appellant has specified it as error to grant an order in this case ordering the State Treasurer of the State of North Dakota to pay from the Unsatisfied Judgment Fund the hospital and medical care expended by the plaintiff for his daughter in the amount of $987.29, which was included in the plaintiff's judgment for special damages. The State Treasurer of the State of North Dakota had been ordered to pay the sum of $5,000, plus $24.50 costs, for the said daughter's bodily injury. Such com-

bined payments would exceed the limitation of $5,000, plus costs, for the bodily injury of one person in one accident as provided in Section 39-1707 of the 1957 Supplement to the North Dakota Revised Code of 1943.

Thus we have but one question to determine and that is whether or not the limitation provided in Section 39-1707 of the 1957 Supplement to the North Dakota Revised Code of 1943 is applicable when there are two judgments as a result of bodily injury to one person in one accident and the judgments run in favor of two parties, and the total of all judgments resulting from the accident, exclusive of costs, does not exceed $10,000. To state the question more simply, does the statute limit the payment allowable from the Unsatisfied Judgment Fund for bodily injury to one person in one accident to the sum of $5,000, exclusive of costs, when two judgments are obtained—one in favor of the injured person for the full amount of the limitation, plus costs, and the other in favor of one responsible for the injured person's care covering the medical expenses incurred as a result of the bodily injury paid by the person so responsible?

The statute, Section 39-1707 of the 1957 Supplement to the North Dakota Revised Code of 1943, provides:

"39-1707. Limitation On Amount Payable From Fund. No order shall be made by the court directing the payment of more than $5,000.00, exclusive of costs, in the case of a judgment resulting from bodily injury to, or the death of, one person in one accident, nor, subject to such limit of $5,000.00 for each person so injured or killed in one accident, shall an order be made directing the payment of judgments for more than $10,000.00, exclusive of costs, in cases arising out of one accident. In cases where the judgment creditor has effected the collection of a part of his judgment from any source, the amount authorized to be paid from such fund shall be the difference between the amount of the judgment, provided that it does not exceed $5,-000.00, and the amount realized thereon."

The respondent argues that the particular phraseology that is determinative in his view is "in the case of a judgment." In this case there were three judgments, only two of which are involved in this appeal. One of these is in favor of the daughter for personal injuries in the maximum amount allowable and the other in favor of the respondent, the father, for, among other things, medical and hospital care for his daughter which he was individually required to pay as a result of the accident, and which amount he was obligated to pay because of his relationship and the minority of his daughter. This was a necessary service brought about by the bodily injuries sustained by the daughter at the fault of the defendant, Verdell Schmidt.

The judgment, which the plaintiff obtained, unquestionably was in part "resulting from bodily injury to * * * one person in one accident," and in the plain language of the statute, the plaintiff is entitled to have recourse to the fund in respect to those damages. It is at this point that the problem arises in the case because the daughter, who was the person injured, on a judgment rendered in her favor has already collected the maximum allowable of $5,000, plus costs, for her "bodily injury to * * * one person in one accident, * * * *"

The plaintiff, as the father of the minor injured daughter, being responsible for her medical care and services resulting from injuries sustained in the accident, was also injured to the extent that it was necessary that he pay out money for medical care and services for his daughter. The damage to the father was occasioned by the motor vehicle accident and the daughter's resulting injuries. The father is entitled to have paid to him, as a part of his damage, the amount awarded for her medical care and services. There is no challenge as to the correctness of the judgment. The question

is whether or not the court may order the amount in question paid from the Unsatisfied Judgment Fund in view of the limitations statute cited above.

We view this order as being improper and contrary to the terms of the statute. The statute provides in part:

"No order shall be made by the court directing the payment of more than $5,000.00, exclusive of costs, in the case of a judgment resulting from bodily injury to * * * one person in one accident, nor * * * shall an order be made directing the payment of judgments for more than $10,000.00, exclusive of costs, in cases arising out of one accident."

"* * * subject to such limit of $5,000.00 for each person so injured or killed in one accident, * * *" (The order of the clauses in the statute was altered for clarity.)

Thus the clear intent of the statute is to limit the amount of recovery from the fund to $5,000 for each person injured in one accident. The word "injured" has reference to the words "bodily injury." The clause "subject to such limit of $5,000.-00 for each person so injured * * * in one accident" clarifies a "judgment resulting from bodily injury." In view of the clarity of this language, no reference need be made to definition of terms or words from the dictionary, as the legislature has made its meaning clear in context. Therefore, the $5,000 limitation is applicable, even though the claims of the plaintiff and his daughter are both properly deemed compensable out of the fund and might ordinarily be prorated. However, no appeal having been taken by the plaintiff, as guardian ad litem of his daughter, from the order allowing payment of the full limit of $5,000, plus costs, and the limit provided by the statute having already been paid, the order in this case must be modified to eliminate therefrom the plaintiff's claim of $987.29 for medical care and services for his daughter.

Similar results were arrived at in several cases in other jurisdictions in construing similar unsatisfied judgment statutes. Some of these are: Jones v. Williams, 53 N.J.Super. 16, 146 A.2d 508; Brady & Brady v. Ferrill (1954), 2 D.L.R. 253, O. W.N. 95, decided by the Ontario High Court. (The North Dakota Unsatisfied Judgment Law is patterned after Canadian Province Law.) Hopkins v. White (1950), 4 D.L.R. 679, O.W.N. 372; Klebanoff v. Price (1949), 2 D.L.R. 575, O.W.N. 130.

It is ordered that the case be returned to the District Court for modification of its order directing payment to plaintiff of his judgment from the Unsatisfied Judgment Fund in accordance with this opinion.

SATHRE, C. J., and BURKE, STRUTZ and MORRIS, JJ., concur.