Isadokb Booksteix, J.
The complaint of the plaintiffs in this action set forth three causes of action against defendant, an uninsured motorist.
The first cause of action was by plaintiff Sylvia Mizell for personal injuries and loss of wages of $112, and the jury awarded her a verdict of $10,112; the second cause of action was by plaintiff Samuel Mizell, for his personal injuries, loss of wages of $130, and medical expenses of $35 incurred for his own injuries, and the jury rendered a verdict in his favor for $165.
The third cause of action was the derivative action, by Samuel • Mizell, -husband of the plaintiff Sylvia Mizell, for $523, representing medical expenses incurred by him for and on account of the injuries of the plaintiff, Sylvia Mizell, and the jury rendered a verdict for that amount in his favor.
Judgment was entered in favor of the respective plaintiffs for the three respective amounts awarded by the jury, to which was added for each plaintiff, the sum of $72.68 and $72.67 respectively, representing an equal division between the two parties of the total taxable costs and disbursements of $145.35.
The requirements of article 17-A of the Insurance Law having-been complied with by plaintiffs, the actions were defended by Motor Vehicle Accident Indemnification Corporation, hereinafter referred to as MVAIC, which is responsible for the payment of. the judgments recovered, within the limits of its coverage, as fixed by article 17-A of the Insurance Law.
Plaintiffs now move to compel MVAIC to pay the three judgments in full, with interest.
Omitting, for the present, the question of interest, there is no dispute between the parties as to the first and second causes of action and the judgments rendered thereon. In other words, both parties agree as to the judgment in favor of plaintiff, Sylvia Mizell, the limit of the coverage of MVAIC results in its liability to pay her $10,000 and $72.68 costs, totaling $10,072.68.
As to the plaintiff, Samuel Mizell, they agree that defendant is liable for the full amount of the judgment on the second cause of action, to wit, $165 and $72.67 costs, totaling $237.67.
As to the judgment in favor of plaintiff, Samuel Mizell, for $523, rendered on his derivative cause of action for medical expenses incurred by him by reason of his wife’s personal injuries, plaintiff, Samuel Mizell, claims that MVAIC is liable to him for the full amount thereof and MVAIC asserts that it is not liable for any part thereof.
*1009 Section 610 of the Insurance Law provides for payment by MVAIC of any judgment, “ which does not exceed :
“ (a) The maximum amount or limit of ten thousand dollars, exclusive of interest and costs, on account of injury to * * *
one person, in any one accident, and “ (b) The maximum amount or limit, subject to such limit for any one person so injured # * * of twenty thousand dollars, exclusive of interest and costs, on account of injury to * * * more than one person, in any one accident.”
Plaintiff, Samuel Mizell, contends that under subdivision (b) of section 610 of the Insurance Law, MVAIC must pay the judgment of $523 recovered in his derivative action.
Both sides advise they know no decisions of any court to sustain their respective positions.
This court is of the opinion that MVAIC is not required to pay the sum of $523 recovered in the derivative action of the plaintiff, Samuel Mizell.
The damages that flowed from the injury to plaintiff Sylvia Mizell was the $10,000 awarded by the jury for her personal injuries; $112 for loss of wages and $523 hospital and medical expenses. That plaintiff Samuel Mizell, as husband of plaintiff Sylvia Mizell, is legally obligated to pay her medical and hospital bills, as necessities which he must provide, does not alter the fact that such medical and hospital bills flowed from the injury to her. The statute fixes the maximum amount of liability of MVAIC on account of injury to one person, as $10,000. The $10,112 and the $523 all represent liability on account of injury to one person.
Arguendo, let us assume that Sylvia Mizell was a widow at the time of her injury. The $523 would have been a part of the damage that she would have been entitled to recover. In other words, on the present record, the verdict in her favor would have been for $10,112 plus $523 or $10,635. In that case, there could be no question that MVAIC would be required to pay only $10,000, the maximum on account of injury to one person.
The fact that she is married and that the cause of action for medical expenses for the wife belongs to the husband, cannot alter the fact that such expenses arise on account of injury to one person and cannot be the means of increasing the maximum coverage fixed by statute, on account of injury to one person.
Accordingly, the liability of MVAIC arising from the three judgments is $10,000 to plaintiff Sylvia Mizell, and $165 to Samuel Mizell, exclusive of interest and costs.
To the $10,000 thus found to be due to Sylvia Mizell must be added the costs (one half of the total of $145.35), to wit, $72.68 *1010 and to the $165 thus found to be due to Samuel Mizell, must be added the balance of the costs, to wit, $72.67.
This leaves for determination the question only of interest due to plaintiffs.
MVAIC contends that since it cannot pay plaintiffs- until there is an order of the court directing such payment, interest is due only from the date of such order. With this contention, the court cannot agree. I find no prohibition against MVAIC paying-judgments against it, without a court order.
Section 610 of the Insurance Law is permissive and permits qualified persons, such as plaintiffs, to make such an application as this. That section provides that plaintiffs ‘ ‘ may ’ ’ make such an application. To my mind this presupposes that MVAIC can pay the judgments without requiring a court order and that, in the event it fails to do so, the qualified persons may apply to the appropriate court for an order requiring them to do so.
Plaintiffs are entitled to interest from the date of entry of judgment. (Civ. Prac. Act, § 481.) Judgment was entered March 16, 1961. The judgment was resettled and amended and the resettled and amended judgment was entered on March 29, 1961. A certified copy of the resettled judgment is a part of the moving papers but no copy of the original judgment is a part of the papers of either party, so the court is unaware of what the difference is between them.
Nor do I think, whatever the difference is, that it is of any consequence in the disposition of the question of interest.
An amended judgment bears interest from the date of entry of the original judgment.
Moreover, interest is due only on the amounts of the liability of MVAIC rather than on the amounts of the judgments. (United States Fid. & Guar. Co. v. Hotkins, 8 Misc 2d 296.)
Accordingly, plaintiffs are entitled to an order requiring MVAIC to pay to plaintiff Sylvia Mizell the sum of $10,072.68, with interest at 6% from March 16, 1961, and payment to plaintiff Samuel Mizell of $237.67, with interest at 6% from March 16, 1961.