Clare J. Hoyt, J.
The claimant herein asserted a claim against respondent under his automobile liability policy by reason of injuries caused by the negligence of an uninsured owner or operator of an automobile.
The claim was arbitrated before an arbitrator of the American Arbitration Association and an award was rendered in favor of the claimant in the amount of $10,000, plus an additional $50 representing the fees of the association, making a total of $10,050.
Claimant moved for an order confirming the award and directing entry of judgment in the amount of $10,050. Respond *599 ent cross-moved for an order vacating the award. Claimant’s application was granted and judgment in the amount of $10,050 was entered in the office of the Clerk of the County of Rockland on July 14, 1961. Respondent appealed from the order and judgment. The Appellate Division, Second Department affirmed the order and judgment, with costs (Matter of Foster v. MV AIC, 16 A D 2d 953).
On July 10,1962, claimant entered a further judgment against respondent in the amount of $124.77 for costs as taxed by the Clerk of the County of Rockland.
Claimant now moves for an order directing respondent to pay the judgments, together with interest on the judgment of $10,050 from date of entry.
Respondent opposes this application arguing that it is only liable for the payment of $10,000.
Subdivision 2-a of section 167 of the Insurance Law limits the recovery of an insured person from the Motor Vehicle Accident Indemnification Corporation (MVAIC) to a sum “ not exceeding a maximum amount or limit of ten thousand dollars exclusive of interest and costs ”. An identical provision is contained in section 610 of the Insurance Law applicable to qualified persons within the meaning of article 17-A of the Insurance Law.
The MVAIC contends the term “ exclusive of interest and costs ” must be interpreted as meaning that its liability cannot exceed $10,000 including interest and costs. There is support for this interpretation in Groves v. Hankin (33 Misc 2d 976, 980).
This court does not agree with that interpretation, however. The words “ exclusive of ” are defined in Webster’s Third New International Dictionary (1961) to mean “ not taking into account ” or “excluding from consideration”. In Athan v. Hartford Fire Ins. Co. (73 F. 2d 66) the Second Circuit Court of Appeals interpreted the identical phrase with respect to the statute defining the District Court’s pecuniary jurisdiction to mean the amount of interest accruing before the complaint was filed, not that accruing after suit was brought. Likewise, in the case at bar, although the statutory liability of respondent is limited to $10,000 a claimant may recover interest and costs on a $10,000 recovery in addition to the $10,000 (cf. Mizell v. Miller, 29 Misc 2d 1007).
The judgment entered on July 14, 1961 was in the amount of $10,050, however, the $50 was actually an item of cost representing the fee of the American Arbitration Association. It has been held that interest is due only on the amounts of liability of MVAIC rather than on the amounts of the judgments (Mizell *600 v. Miller, supra, p. 1010; United States Fid. & Guar. Co. v. Hotkins, 8 Misc 2d 296).
Since interest accrues from the date of entry of judgment (Civ. Prac. Act, § 481), claimant is entitled to an order requiring respondent to pay him the sum of $10,000, with interest at 6% from July 14,1961, together with costs in the amount of $174.77, representing $124.77 costs as taxed and $50 arbitration fees.