ERENA MORISI et al., Respondents, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In an action against the Motor Vehicle Accident Indemnification Corporation by the plaintiff wife to recover damages for personal injuries allegedly sustained by her when struck by a "hit-and-run" motorist, and by the plaintiff husband for loss of services and medical expenses, the defendant appeals from an order of the Supreme Court, Kings County, dated March 13, 1963, which denied its motion, pursuant to rule 107 of the Rules of Civil Practice, to dismiss the husband's cause of action (the second cause of action) on the ground that he lacked the legal capacity to sue. Order affirmed, with $10 costs and disbursements and with leave to defendant to serve its answer within 20 days after entry of the order hereon. It appears evident from the intendment of the statute (Insurance Law, art. 17-A) that its purpose was to provide compensation through the Motor Vehicle Accident Indemnification Corporation (MVAIC) to the extent that claims would be recognized and the claimants compensated as if the owner or driver of the vehicle causing the injury were insured (Cf. *Garcia* v. *Motor Vehicle Acc. Ind. Corp.,* 18 A D 2d 62; *McCarthy* v. *Motor Vehicle Acc. Ind. Corp.,* 16 A D 2d 35). In our opinion, there is nothing contained in the statute which limits the maintenance of a cause of action against the MVAIC solely to the person who has received the "bodily injury" or to his legal representative, so as to exclude from its coverage a derivative cause of action for loss of services and medical expenses on behalf of a husband whose wife has been injured. The term "personal injury" as it is used in the statute (see Insurance Law, § 618) includes a cause of action for loss of services and medical expenses (General Construction Law, § 37-a; cf. *Psota* v. *Long Is. R. R. Co.,* 246 N. Y. 388; *Constantinides* v. *Manhattan Tr. Co.,* 264 App. Div. 147). It is "well settled that an injury to a person within the meaning of the law does not necessarily involve the element of personal contact with the person complaining of the injury" (*Riddle* v. *Macfadden,* 201 N. Y. 215, 218). It is our opinion, therefore, that one having a derivative cause of action is a "qualified person" within the meaning of the statute (Insurance Law, art. 17-A). Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.