DILLON v SECRETARY OF STATE

OPINION OF THE COURT

1. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—UNIDENTI-
   FIED DRIVER—REMEDY—SECRETARY OF STATE—LIBERAL CON-
   STRUCTION—STATUTES.

   The Motor Vehicle Accident Claims Act which provides a cause of
   action against the Secretary of State for any person injured by
   a motor vehicle where the identity of the vehicle, driver or
   owner cannot be ascertained is remedial in nature and is to be
   liberally construed; however, there is no room for judicial
   construction where the language of the statute is plain (MCLA
   257.1101 *et seq.).*

2. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—LIMITATION
   OF PAYMENTS—LOSS OF SERVICES—PHYSICAL INJURY—STATUTES.

   A parent's loss of services of a minor child, who is injured by an
   unidentified motor vehicle, is not a physical injury which, along
   with the child's injury, will give rise to payments up to $20,000
   from the Motor Vehicle Accident Claims Fund on account of
   injury to or the death of two or more persons; therefore, the
   judgment of a father, for damages for the loss of services of his
   son, may not be enforced against the Motor Vehicle Accident
   Claims Fund where the fund has already paid the statutory
   limit of $10,000 to the son on account of injury to or the death
   of one person in any one accident (MCLA 257.1123).

DISSENT BY V. J. BRENNAN, J.

3. AUTOMOBILES—MOTOR VEHICLE CLAIMS FUND ACT—STATUTORY LIM-
   ITS—LOSS OF SERVICES—DERIVATIVE CLAIMS—REMEDIAL STAT-
   UTES.

   *Payment to a minor child by the Motor Vehicle Accident Claims
   Fund of the statutory limit of $10,000, on account of injury to*

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 301, 302.
[2, 3] 7 Am Jur 2d, Automobiles and Highway Traffic § 429.
    59 Am Jur 2d, Parent and Child § 112.

*or the death of one person in any one accident, should not bar enforcement of a father's judgment for damages for the loss of his minor child's services because the fund may pay out $20,000 on account of the injury or death of two or more persons in any one accident; the terms "injury" and "personal injury" as used in limitation clauses have been interpreted to include derivative suits of parents and spouses, and the statute is remedial and should be liberally construed in favor of plaintiffs (MCLA 257.1123).*

Appeal from Wayne, Theodore R. Bohn, J. Submitted Division 1 December 4, 1974, at Detroit. (Docket No. 17759.) Decided June 9, 1975.

Complaint by David G. Dillon, by his next friend, William R. Dillon, and William R. Dillon, on his own behalf, and Irene Dillon against an unidentified driver and Richard H. Austin, Secretary of State and Director of the Motor Vehicle Accident Claims Fund, for damages arising out of an automobile accident. Judgments for David G. Dillon and William R. Dillon. The Secretary of State made payment, in the amount of the claimed statutory limit, towards the judgment of David G. Dillon. William R. Dillon moved to enforce his judgment by payment from the fund. The Secretary of State was ordered to pay this judgment. The Secretary of State appeals. Reversed.

*Kenneth M. Davies, P. C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for the Secretary of State.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and PETERSON,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

J. H. Gillis, P. J. Plaintiff, a minor, was injured when the motorcycle on which he was a passenger was struck by an unidentified motor vehicle, forcing the motorcycle into a parked automobile. Plaintiff brought this action by his next friend, his father, against Mr. Unknown and the Michigan Secretary of State, pursuant to the Motor Vehicle Accident Claims Act, MCLA 257.1112; MSA 9.2812. His parents also brought an action against the same defendants in their own names.

Judgment was entered in favor of David Gary Dillon, by his next friend William Robert Dillon, in the sum of $20,082 and in favor of William Robert Dillon in the sum of $8,031.98. Subsequently the State of Michigan issued a warrant payable to the plaintiffs in the sum of $12,334.77, which represented a payment of $10,000 on the judgment, plus interest and costs.

The plaintiffs then sought by motion to enforce payment by the Motor Vehicle Accident Claims Fund of the $8,031.98 judgment entered in favor of William Robert Dillon. The Secretary of State was so ordered by the trial court and now appeals.

MCLA 257.1112; MSA 9.2812 provides a cause of action for any person injured by a motor vehicle where the identity of the vehicle, driver or owner cannot be ascertained.[1] Prior to its amendment in 1971,[2] MCLA 257.1123; MSA 9.2823 limited the

---

[1] "Where the death of or personal injury to any person is occasioned in this state by a motor vehicle but the identity of the motor vehicle and of the driver and owner thereof cannot be established, any person who would have a cause of action against the owner or driver in respect to the death or personal injury may bring an action against the secretary, either alone or as a codefendant with others alleged to be responsible for the death or personal injury."

[2] MCLA 257.1123; MSA 9.2823, was amended by 1971 PA 119 to raise the limit for the death or injury of one person to $20,000. This amendment became effective on October 1, 1971 and is not applicable to the case at bar.

recovery to $10,000 on account of injury to or the death of one person.[3]

The purpose of the Motor Vehicle Accident Claims Act is "to protect injured persons from loss resulting from inability to recover damages caused by uninsured motor vehicles". *Steele v Wilson,* 29 Mich App 388, 394–395; 185 NW2d 417, 420 (1971). Since the act is remedial in nature, it is to be liberally construed. *Lisee v Secretary of State,* 32 Mich App 548, 556; 189 NW2d 50, 54 (1971), *Steele v Wilson supra.*

However, where the language of the statute is plain, we are left no room for judicial construction. *Busha v Department of State Highways,* 51 Mich App 397, 399; 215 NW2d 567, 568 (1974), *Hughes v Detroit,* 336 Mich 457, 459; 58 NW2d 144, 145 (1953). That is the situation in the case at bar.

The "injury to or death of one person" which can give rise to payment under the fund obviously means physical injury. The statute cannot reasonably be read to mean that a parent's loss of services of a minor child is an injury which will give rise to separate payment out of the fund.

Furthermore, the same view has been taken by courts in several other jurisdictions which have been called upon to construe similar statutes.

In *Mizell v Miller,* 29 Misc 2d 1007; 214 NYS2d 827 (1961), plaintiff filed suit for $523 in medical expenses, incurred on account of injuries to his wife who had originally obtained a judgment in

---

[3] "(1) In respect to applications under this act for payment of damages arising out of motor vehicle accidents occurring in this state on or after January 1, 1966, the secretary shall not pay out of the fund, (a) more than $10,000.00, exclusive of costs, on account of injury to or the death of one person, and, subject to such limit for any one person so injured or killed, not more than $20,000.00, exclusive of costs, on account of injury to or the death of 2 or more persons in any one accident; and (b) more than $5,000.00, exclusive of costs, for loss of or damage to property resulting from any one accident."

the sum of $10,112. The New York statutory language is similar to that in the case at bar.[4] The court noted that the medical bills flowed from the injury to plaintiff's wife. It was held that the husband could not recover the medical expenses because the $10,112 and the $523 both represent liability on account of injury to one person.

The case of *Rall v Schmidt,* 104 NW2d 305 (ND, 1960), also deals with a statute similar to Michigan's.[5] In that case a father was not allowed to recover costs for medical care and services rendered in treating his daughter for injuries sustained in an automobile accident, when the daughter had already recovered $5,000 from the Unsatisfied Judgment Fund. The North Dakota Supreme Court held that payment from the fund was improper in view of the dollar limitation.

"Thus the clear intent of the statute is to limit the amount of recovery from the fund to $5,000 for each person injured in one accident. The word 'injured' has reference to the words 'bodily injury.' The clause 'subject to such limit of $5,000.00 for each person so injured

---

[4] Section 610 of the Insurance Law provides for payment by the Motor Vehicle Accident Indemnification Corporation of any judgment, "which does not exceed:

"(a) The maximum amount or limit of ten thousand dollars, exclusive of interest and costs, on account of injury to * * * one person, in any one accident, and

"(b) The maximum amount or limit, subject to such limit for any one person so injured * * * of twenty thousand dollars, exclusive of interest and costs, on account of injury to * * * more than one person, in any one accident".

[5] Section 39-1707 of the 1957 supplement to the North Dakota Revised Code of 1943 provides:

"39-1707. Limitation On Amount Payable From Fund. No order shall be made by the court directing the payment of more than $5,000.00, exclusive of costs, in the case of a judgment resulting from bodily injury to, or the death of, one person in one accident, nor, subject to such limit of $5,000.00 for each person so injured or killed in one accident, shall an order be made directing the payment of judgments for more than $10,000.00, exclusive of costs, in cases arising out of one accident * * * ".

\* \* \* in one accident' clarifies a 'judgment resulting from bodily injury.' " 104 NW2d at 308.

Similarly, in *Jones v Williams,* 53 NJ Super 16; 146 A2d 508 (1958), a father was denied recovery from the Unsatisfied Claim and Judgment Fund for medical expenses paid out on behalf of his infant son who was injured in an automobile accident. The court held that where only one person, an infant, was injured in a single automobile accident, the Unsatisfied Claim and Judgment Fund Act[6] contemplated allowance out of such fund of a maximum of $5,000.

Michigan's adoption of the Motor Vehicle Accident Claims Act to a "large part" reflects Ontario's Highway Act.[7] *Weisberg v Detroit Automobile Inter-Insurance Exchange,* 36 Mich App 513, 523; 194 NW2d 193, 197 (1971).

A similar fact situation to the case at bar was presented to the Ontario Court in *Brady v Ferrill,*

---

[6] NJSA 39:6-69 (1952) provides that a claimant may apply to the court for an order directing payment to be made out of the Unsatisfied Claim and Judgment Fund "of the amount unpaid upon such judgment, which exceeds the sum of two hundred dollars ($200.00) and does not exceed—

"(a) The maximum amount or limit of five thousand dollars ($5,000.00), exclusive of interest and costs, on account of injury to, or death of, one person, in any one accident, and

"(b) The maximum amount or limit, subject to such limit for any one person so injured or killed, of ten thousand dollars ($10,000.00), exclusive of interest and costs, on account of injury to, or death of, more than one person, in any one accident \* \* \* ".

[7] Section 98(1) of the Highway Traffic Act, RSO 1950, ch 167, provides: " \* \* \* where a person recovers in any court in Ontario a judgment for damages on account of injury to or the death of any person \* \* \* occasioned in Ontario by a motor vehicle \* \* \* judgment creditor may apply \* \* \* for an order directing payment of the amount of the judgment or the unsatisfied portion thereof out of the Fund.

\* \* \*

"(5) The minister shall not pay out of the fund under an order,

"(a) more than $5,000.00, exclusive of costs, on account of injury to or the death of one person \* \* \* ".

(1954) 2 DLR 253, OWN 95. In addition to his wife's bodily injury claim, the husband claimed further damage for loss of consortium. The husband's claim exceeded the statutory limit but alleged, as does the appellee, that there were injuries to two persons. In denying the claim, the court held:

"The loss of consortium was damage to the husband but it was not on account of any physical injury to him but on account of physical injury to the wife * * * ." *Brady v Ferrill, supra,* at 256. See also *Thomas v Frank,* 1 WWR 947 (Alberta, 1950).

Since this particular issue is a matter of first impression in this state, we may correctly consider the interpretation of other courts. See *Blakeslee v Farm Bureau,* 388 Mich 464, 470–473; 201 NW2d 786, 789–790 (1972), *Feldman v Stein Building & Lumber Co,* 6 Mich App 180, 183; 148 NW2d 544, 545 (1967). Having done so, we reverse and vacate that portion of the judgment by which William Robert Dillon, the father of David Gary Dillon, was awarded damages against the Motor Vehicle Accident Claims Fund for the loss of services of his son. No costs, a public question being involved.

PETERSON, J., concurred.

V. J. BRENNAN, J. *(dissenting).* Defendant, the Secretary of State, appeals from a decision of the Wayne County Circuit Court in which William Robert Dillon, the father of David Gary Dillon, was awarded damages against the Motor Vehicle Accident Claims Fund for the loss of services of his son. Defendant argues that MCLA 257.1123; MSA 9.2823 bars any recovery on the part of the father since the son recovered the full amount allowed by

that section.[1] The trial judge, Judge Theodore R. Bohn, held that the father was not limited by his son's recovery and, therefore, held that the father was entitled to recover the amount of his judgment. My colleagues, reversing the trial judge, believe that the statute is clear and that it limits the plaintiffs to one recovery. I respectfully disagree and adopt the trial judge's opinion in this matter, as reproduced below, as my dissent:

"In the present matter, minor plaintiff David Gary Dillon, injured in an accident between a motorcycle upon which he was a passenger and a 'phantom vehicle,' (one that leaves the scene of the accident and cannot be identified) has been awarded a judgment of $20,082.00 against the Secretary of State for his injuries. His father, William Robert Dillon, was awarded a separate judgment of $8,031.98 for loss of services of his son. Upon application by plaintiff to the Motor Vehicle Accident Claims Fund for payment, the Fund allowed plaintiff David Gary Dillon payment of $12,334.77 in order to cover the $10,000 statutory ceiling, plus interest and costs. The judgment in favor of William Robert Dillon was disallowed in its entirety. The Fund's reason for disallowing the claim was that since William's claim was based solely on David's bodily injuries and resultant inability to perform services for William, the limitation in the Fund was invoked after David received his $10,000.00 plus costs. Plaintiffs have now moved for a determination of the amount of judgment payable by the Motor Vehicle Accident Claims Fund in accordance with the provisions of the Motor Vehicle Accident Claims Act, MCLA 257.1101 et seq.

"The applicable sections of the statutes read as follows:

" 'MCLA 257.1107

---

[1] MCLA 257.1123; MSA 9.2823 was amended by 1971 PA 119 to raise the limit for the death or injury of one person to $20,000. This amendment, however, applies only to "motor vehicle accidents occurring in this state on or after [October 1, 1971]". Since the accident here occurred on August 28, 1967, the action is governed by the $10,000 limitation.

" ' *Section 7 (1)* * * * where a person recovers in any court in this state a judgment for damages on account of injury to or the death of any person or property damage occasioned in this state by an uninsured motor vehicle * * * he may make application, in the form prescribed by the secretary and the secretary shall pay the amount of the judgment * * * *subject to the limitations provided* in this act with respect to death or personal injury * * * .' [Emphasis supplied.]

" 'MCLA 257.1123

" '*Section 23 (1)* * * * the secretary shall not pay out of the fund, (a) more than $10,000.00, exclusive of costs *on account of injury to or the death of one person,* and, subject to such limit for any one person so injured or killed, not more than $20,000.00, exclusive of costs, on account of injury to or the death of 2 or more persons in any one accident;' [Emphasis supplied.]

"The issue to be resolved is whether plaintiff William Robert Dillon is entitled to a separate $10,000.00 limit on his derivative claim as an injured person under MCLA 257.1123.

"There are no Michigan cases arising under the provisions of the Motor Vehicle Accident Claims Act which deal with the language at issue. There is however a long history of interpretation of similar limitation clauses in insurance contracts.

"In such cases it is generally held that a limitation of 'personal injuries' allows separate claims for consequential damages invoking a separate limit, while a limitation using the words 'bodily injuries' limits the covered damages to those of the party physically injured. See 13 ALR3d 1228, 1244. Among the jurisdictions following this interpretation are Florida, *(Malone v Costa,* 151 Fla 144, 9 So 2d 275 (1942), New Jersey, *(Nuzzi v United States Casualty Co,* 122 NJL 249, 1 A2d 890 (1938), New York, *(Goodier v National Surety Co,* 125 Misc 65, 210 NYS 88 (1925), *(Bakker v Aetna Life Insurance Co* (1933), 148 Misc 162, 265 NYS 231, affd 240 App Div 880, 267 NYS 956, affd 264 NY 150, 190 NE 327, *Gaouette v Aetna Life Ins Co,* 253 App Div 388, 2 NYS2d 497 (1938) * * * .

"A Michigan case cited by defendants, *Pastucha v*

*Roth,* 290 Mich 1 [287 NW 355] (1939), held that a limitation of 'bodily injury liability' applied to the aggregate amount of both injured son's recovery and the father's claim for expenses. One limit per son was allowed. However, this case is in line with the distinction made in other jurisdictions between 'personal injury' claims and 'bodily injury' claims.

"One may note that the statutes involved use the terms 'injury' and 'personal injury' interchangeably. The insurance cases involved tend to construe any ambiguity against the insurance company. *Pastucha v Roth,* 290 Mich 1, 13. Two of the New York cases cited, supra, *Bakker v Aetna Life Insurance Co,* and *Gaouette v Aetna Life Ins Co,* dealt with policies that used the terms 'bodily injury' and 'personal injury' interchangeably. Both cases applied the more liberal 'personal recovery' standards in line with the policy of resolving any ambiguities against the insurer.

"The cases cited above are all insurance cases. The question remaining is whether the policies outlined in these cases apply to a state managed fund. Plaintiffs cite a New York Memorandum Opinion, *Morisi v Motor Vehicle Accident Indem Corp,* 19 AD2d 727 (1963) which holds that a husband of an injured person is a 'qualified person' to sue for loss of services under the New York act. MCLA 257.1112 dealing with unidentified motorists specifically authorizes a derivative suit in Michigan when it states ' * * * any person who would have a cause of action against the owner or driver in respect to the death or personal injury may bring an action against the secretary * * * .'

"While this Court is aware that when applying insurance law to the Fund, that the purpose of the two are not the same, the fact remains that the Legislature used the words 'injury' and 'personal injury' which seems clearly to include derivative actions of spouses and parents.

"Plaintiff contends that he is entitled to a liberal statutory construction because the statute is remedial. In *Steele v Wilson,* 29 Mich App 388, 392 [185 NW2d 417] (1971) the first division Court mentioned: 'Both parties to this litigation agree that the Motor Vehicle Accident Claims Act is remedial in nature.' The Court

then cited approvingly a New Jersey case arising under a similar New Jersey Statute. *Gray v Tice,* 52 NJ Super 309, 145 A2d 353, 355 (1958) held that interpretation of the Act should be not literal but liberal ' * * * when a liberal construction thereof will * * * support its reason and spirit as a whole.' *Steele v Wilson, supra,* was cited in *Lisee v Secretary of State,* 32 Mich App 548, 556 [189 NW2d 50] (1971) as holding that the Act was remedial in nature and should be liberally construed.

"Two Michigan Supreme Court cases have discussed the definitions of remedial statutes versus those in derogation of common law. These two cases, *Hansen-Snyder Co v General Motors Corp,* 371 Mich 480 [124 NW2d 286] (1963) and *Ballog v Knight Newspapers, Inc,* 381 Mich 527 [164 NW2d 19] (1969) both dealt with the question of whether an amendment to a statute was remedial and, therefore, retrospective, or substantive and, therefore, to be applied prospectively. The definition of a remedial statute that emerges from these two cases is a statute that modifies a remedy or procedure for enforcing an existing right. If the statute does not disturb vested rights or create new liabilities between parties it is remedial. Applying this doctrine, one may argue that creation of the fund is creation of a procedure for satisfying a claim that had existed at common law. *Ballog v Knight, supra,* held that a change in the interest on judgments is a procedural change even though it expanded liability of defendants to some extent. If the interest increase in *Ballog* was a procedural matter, it is possible to analogize and say satisfaction from a fund created to satisfy judgments is also a procedural matter, since it comes into action after a common law tort liability is established. For this reason, this Court adopts the reasoning of the first division Michigan Court of Appeals, in its ruling that the statute is remedial and should be construed liberally in favor of plaintiffs. *(In re School Dist No 6,* 284 Mich 132, 144 [278 NW 972] (1938), *Rookledge v Garwood,* 340 Mich 444 [65 NW2d 785] (1954).

"The terms 'injury' and 'personal injury' as used in the limitation clauses have been interpreted in many jurisdictions to include derivative suits such as that of

plaintiff William Robert Dillon. Giving the Motor Vehi-
cle Accident Claims Act a liberal construction as a
remedial statute, plaintiff William Robert Dillon is
entitled to a separate limit under the act, and may
recover on his judgment."

I would also reject defendants' equal protection
challenge to the above interpretation of the stat-
ute. The above interpretation speaks in terms of
the rights of those who have suffered consequen-
tial damages, not merely the rights of minors or
the rights of parents of minor children. The classi-
fication upon which this argument is based simply
does not exist.

I would affirm.