158 N.J. Super. 128 (1978)
385 A.2d 898
RICHARD ACKERMAN ET AL., PLAINTIFFS-RESPONDENTS,
v.
KRAMER CHEMICAL COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1978.
Decided April 12, 1978.
*129 Before Judges LYNCH, KOLE and PETRELLA.
Mr. Anthony R. Amabile argued the cause for appellant (Messrs. Witham & Amabile, attorneys).
Mr. Barry F. Zotkow argued the cause for respondent Sylvia Ackerman.
PER CURIAM.
This appeal is only from that portion of the judgment which awarded $25,000 to Sylvia Ackerman, the wife of plaintiff, Richard Ackerman, on her per quod claim due to personal injuries suffered by her husband in an automobile accident on October 10, 1973 when he was approximately age 36. The $75,000 verdict in favor of her husband has been paid and no appeal has been taken therefrom.
The Ackermans had married in 1957, and had separated around February of 1975 for a period of time. Richard Ackerman testified that they were living together at the time of the 1977 trial. Plaintiff husband had had rheumatoid arthritis since 1961 and had been undergoing gold therapy for about ten years before the accident. He had several operations in 1968, including plastic implants in four knuckles of each hand and some reworking of the tendons. Thus, a principal claim for plaintiff Richard Ackerman as a result of the accident to the Volkswagen he was driving was one of aggravation of a pre-existing condition.
*130 Mrs. Ackerman, who apparently resides in California, did not testify at the trial and her deposition had not been taken. However, her husband testified about the effect of the accident on their relationship and upon his ability to be of help around the household.
Defendant moved at trial for dismissal of the wife's per quod claim because she did not appear or "provide affirmative proof in some form." Defendant also moved for judgment n.o.v. on the ground that the wife's claim should not have gone to the jury. Both motions were denied. The award did not shock the conscience of the trial judge or convince him that it was manifestly unjust. No motion was made for a new trial as to damages or for remittitur, and defendant at oral argument indicated that the sole ground for this appeal was that the claim should not have been allowed to go to the jury.
We know of no requirement that the spouse asserting a per quod claim must do so by personal testimony, rather than through testimony of other competent witnesses. There is no merit to defendant's contrary contention.
We have carefully reviewed the record, the transcripts of the motion for judgment n.o.v., the reasons given by the trial judge for the denial of the motions as to the wife's claim, and we are satisfied that there is no merit to the issue raised on this appeal. R. 2:11-3(e)(1)(A) and (E). We also note that the judgment appealed from is supported by sufficient credible evidence. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 483-484 (1974).
Although we might be inclined to agree that the award on the per quod claim is on the high side, it is not the function of the court to interfere with the quantum of damages assessed by a jury unless so disproportionate as to shock the conscience and convince the court that to sustain the award would be manifestly unjust. See Baxter v. Fairmont Food Co., 74 N.J. 588 (1977); Sweeney v. Pruyne, 67 N.J. 314 (1975), and Taweel v. Starn's Shoprite Supermarket, 58 *131 N.J. 227, 236 (1971). In any event, since no new trial or remittitur was sought we need not reach this question.
Affirmed.