CHARLES COUGHLIN AND FRANCES COUGHLIN, PLAINTIFFS–APPELLANTS, v. LANCE MORELL, DEFENDANT–RESPONDENT, AND EDWARD H. PFEIFFER, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted November 24, 1987—Decided December 29, 1987.

Before Judges PRESSLER, BILDER and SKILLMAN.

*DeNoia & Greene*, attorneys for appellants (*Thomas De-Noia*, on the brief).

*Henry S. Buchanan*, attorney for respondent (*Wayne S. Wallace*, on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

Plaintiffs Charles and Frances Coughlin filed this automobile negligence action against defendants Morell and Pfeiffer. Charles' claim was for his personal injuries suffered in the accident and Frances' claim was for the loss of her husband's services and consortium. As required by *N.J.S.A.* 39:6A–25a and *R.* 4:21A–1, plaintiffs' claims were submitted to arbitration. The arbitrators found Morell 100 percent negligent and awarded damages of $4,000. Morell rejected the arbitration award and demanded a trial *de novo*.

The case was tried before a jury which found Morell and Pfeiffer each 50 percent negligent. The jury also awarded damages of $6,000 to Charles Coughlin and $1,000 to Frances Coughlin.

Plaintiffs then sought an award of counsel fees and costs against Morell pursuant to *R.* 4:21A–6(c)(1), which provides that a party who demands a trial *de novo* after an automobile

arbitration award "may be liable" for "reasonable costs, including attorney's fees, incurred after rejection of the award by those parties not demanding a trial *de novo* " unless "the party demanding the trial *de novo* has obtained a verdict at least 20 percent more favorable than the award." Morell opposed the motion on the grounds that under the jury verdict his liability to Charles Coughlin was only $3,000 (50 percent of $6,000),[1] which was more than a 20 percent improvement over the $4,000 award rendered against him by the arbitrators. Plaintiffs' reply to this argument was that Morell's entire obligation under the jury verdict was $3,500 (50 percent of both the $6,000 awarded to Charles and the $1,000 awarded to Frances), which was less than 20 percent more favorable to Morell than the arbitrators' award. However, Morell urged that the $1,000 which the jury awarded to Frances Coughlin should be disregarded in determining his liability under *R.* 4:21A–6(c)(1), because her claim had not been included in the arbitrator's award. The trial court agreed with Morell's argument and denied plaintiffs' motion. We reverse.

Morell's argument that the arbitration award related solely to Charles Coughlin's claim rests in part on the fact that the award was entered in favor of "plaintiff Coughlin," ostensibly referring to only one plaintiff. Morell also alleges that Frances Coughlin did not attend the arbitration proceeding. Consequently, he urges that only Charles' claim and not Frances' claim was submitted to arbitration.

█ Although the better practice is for arbitrators to separately set forth their award on a *per quod* claim, we are

---

[1]Actually, Morell is jointly and severally liable with Pfeiffer for the full $6,000 awarded to Charles Coughlin by the jury. However, the parties both seem to assume that in determining whether a jury verdict is 20 percent more favorable than an arbitrator's award and hence whether *R.* 4:21A–6(c)(1) is applicable, it is appropriate to consider only the portion of damages for which a jointly liable defendant will be responsible after receiving contribution from the codefendants in accordance with the Comparative Negligence Act, *N.J.S.A.* 2A:15–5.3.

satisfied that the award involved in this case was intended to encompass the claims of both plaintiffs. The submission of both claims to arbitration was mandated by *N.J.S.A.* 39:6A–25a and *R.* 4:21A–1. Consequently, Morell would not have been entitled to seek a trial *de novo* until after the arbitration of both claims. Morell asserts that Frances Coughlin failed to attend the arbitration hearing and thus her claim could not have been considered by the arbitrators, whereas plaintiffs assert that Frances' claim was presented to the arbitrators through the testimony of her husband. *Cf. Ackerman v. Kramer Chemical Co.*, 158 *N.J.Super.* 128, 130 (App.Div.1978), certif. den. 79 *N.J.* 463 (1978). However, since automobile arbitration proceedings are not transcribed, *see R.* 1:20A–3(b), it would be inappropriate for us to go behind the arbitration award and attempt to reconstruct precisely what occurred at the hearing. Rather, the fact that submission of both claims to arbitration was mandatory leads us to conclude that the arbitration award should be deemed to encompass both claims, regardless of what actually may have transpired at the arbitration hearing.[2]

■  Moreover, it is unnecessary to determine whether any part of the arbitration award was attributable to Frances Coughlin's *per quod* claim, because we are satisfied that a *per quod* award should be combined with the award to the injured spouse in determining a party's eligibility for counsel fees and litigation costs under *R.* 4:21A–6(c)(1). Our court rules require a *per quod* claim to be joined with the claim of the injured party in a single action. *R.* 4:28–3(b); *cf. Ekalo v. Constructive Service Corp. of America*, 46 *N.J.* 82, 91–92 (1965). Moreover, "... both the primary claim of the injured wife and the husband's derivative claim are ordinarily settled or tried together."

---

[2]If in fact Frances Coughlin's claim had not been submitted to arbitration, this point should have been raised by motion to dismiss before trial. Morell's failure to file such a motion indicates that he assumed Frances' obligation to arbitrate her claim had been satisfied by the proceedings resulting in the $4,000 arbitration award.

*Boyd v. Steele,* 107 *N.J.Super.* 405, 413 (App.Div.1969); *cf. Tichenor v. Santillo,* 218 *N.J.Super.* 165, 171–176 (App.Div. 1987). In view of the close connection between the principal claim of an injured party and any derivative claim of a spouse for loss of services and consortium, it is appropriate to consider the two claims together in determining whether a party demanding a trial *de novo* after an automobile arbitration award "... has obtained a verdict at least 20 percent more favorable than the award." [3]

In this case, plaintiffs' recovery of $3,500 attributable to Morell's negligence was only 12.5 percent less than the arbitrator's award of $4,000 against Morell. Thus, Morell "may be liable" to plaintiffs for their reasonable litigation costs, in accordance with the provisions of *R.* 4:21A–6. Accordingly, the order denying plaintiffs' application for attorneys fees and costs is reversed and the matter is remanded to the trial court for further proceedings in conformity with this opinion. Jurisdiction is not retained.

---

[3] It is unnecessary to determine whether damage awards to different parties should be combined under any other circumstances in determining eligibility for an award of litigation expenses under *R.* 4:21A–6(c)(1).