707 A.2d 1098

ROXANNE WILLIAMS, PLAINTIFF–APPELLANT, v. SHOP RITE OF LACEY TOWNSHIP, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 1, 1998—Decided April 17, 1998.

Before Judges D'ANNUNZIO, RODRIGUEZ and COBURN.

*Drazin and Warshaw*, attorneys for appellant (*Roy D. Curnow*, on the brief).

*Wolff, Helies & Duggan*, attorneys for respondent (*John T. Bazzurro*, on the brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

Plaintiff commenced this personal injury action as the result of a fall on defendant's premises. The matter was submitted to arbitration as required in *N.J.S.A.* 2A:23A–20 *et seq.* and *R.* 4:21A–1(a)(2). *See generally Hartsfield v. Fantini*, 149 *N.J.* 611, 695 *A.*2d 259 (1997); *Coughlin v. Morell*, 222 *N.J.Super.* 71, 535 *A.*2d 1004 (App.Div.1987). The arbitrators determined that defendant was one hundred percent liable for plaintiff's injury and awarded plaintiff $15,000.

Plaintiff rejected the award and demanded a trial *de novo*. *See R.* 4:21A–6(b)(1). A jury apportioned liability equally to plaintiff and defendant and determined that plaintiff's damages totaled $35,000. Judgment was entered in plaintiff's favor in the amount

of $17,500, together with interest of $1,860.51 and taxed costs of $210, for a total judgment of $19,570.51.

Defendant moved for reimbursement of counsel fees and costs under *R.* 4:21A–6(c)(1). This rule provides that the person demanding a trial *de novo* "may be liable to pay the reasonable costs, including attorney's fees, incurred after rejection of the award by those not demanding a trial *de novo.*" The rule further provides, however, that "no costs shall be awarded if the party demanding the trial *de novo* has obtained a *verdict* at least twenty percent more favorable than the award." *Ibid.* (emphasis added).

The trial court granted defendant's motion because the verdict of $17,500 was not "at least twenty percent more favorable than the [arbitrators'] award" of $15,000. Consequently, the trial court awarded defendant fees and costs in the amount of $1,250.

Plaintiff contended below and contends on appeal that the verdict was close enough to the arbitrators' award "such that plaintiff should not be penalized." Plaintiff also contends that the judgment exceeded the twenty percent threshold amount because it included prejudgment interest. The trial court rejected these arguments as well as plaintiff's motion for reconsideration. We now affirm.

There is no ambiguity in *R.* 4:21A–6(c)(1). It requires a comparison of the trial "verdict" with the arbitrators' award. Under *R.* 4:21A–5(b), a plaintiff is entitled to pre-judgment interest on an arbitrator's award. The award in the present case was reported on a form prepared by the Administrative Office of the Courts which calls for a report of damages "exclusive of prejudgment interest." As previously indicated the arbitrators awarded plaintiff $15,000 in damages, exclusive of interest.

Plaintiff, therefore, would have us compare a trial judgment inclusive of pre-judgment interest with an arbitrators' award which did not include pre-judgment interest. Such a procedure would be irrational.

A comparison of the trial judgment, inclusive of interest, with an arbitrators' award, inclusive of interest calculated on the date of the award, also would be flawed. The amount of interest included in the trial court judgment would depend on the passage of time between the arbitration proceeding and the demand for a trial *de novo*. In the event of a substantial delay, a verdict less than the arbitrators' award may result in a judgment substantially greater than the amount of the award when the interest accruing during the delay is added.

We conclude that the damages verdict rendered at trial must be compared with the arbitrators' damages award, both exclusive of pre-judgment interest.

Affirmed.